UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU,
    Plaintiff,

v.                              C.A. No. 17-301WES

KEVIN PETIT, et al.,
    Defendants.

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      This matter is back before the Court on three motions brought by *pro se*[1] Plaintiff Jason Boudreau. First, captioned as a motion to lift the stay, he has filed what is effectively a motion for reconsideration of the Court's Order entered on December 12, 2017, staying this litigation until the conclusion of related state criminal proceedings against Boudreau. ECF No. 24. Second, he asks the Court to disqualify the law firm that is representing the lead Defendant, retired Warwick Police Officer Kevin Petit. ECF No. 27. And, third, upon his belated realization that the motion to disqualify counsel is a violation of the court-ordered stay, he has also moved to withdraw the motion to disqualify without prejudice to presenting it again after the stay is lifted. ECF No. 31. For the reasons that follow, the motion to lift the stay is denied; while the motion to disqualify is unquestionably a violation of the court order imposing the stay, the issue having been fully briefed, the Court nevertheless reaches the merits and denies it along with the motion to withdraw it. The reasons follow.

---

[1] Because of his *pro se* status, the Court has read these motions with the leniency appropriate for any *pro se* filer. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

## I. MOTION TO LIFT STAY[2]

Boudreau asks the Court to lift the stay largely for the same reasons why he opposed it in the first place. Focusing on the time period when law enforcement and his then-employer, Automatic Temperature Controls, Inc., ("ATC") were caught up in the fall-out of Boudreau's usage of ATC computers to view child pornography, he rehearses the factual foundation for his allegation that Officer Petit, the Warwick Police, the Rhode Island State Police ("RISP") and ATC principals falsely concocted the criminal charge that he had also been embezzling money from ATC. He reemphasizes that ATC representatives, accompanied by Officer Petit (who was involved with the child pornography investigation), met with RISP for an interview about the alleged embezzlement less than two weeks after the ATC principals and Officer Petit had been served with the complaint in the Boudreau 2013 Case.[3] This temporal proximity, coupled with a more recent offer to compromise that Boudreau characterizes as an offer to drop the criminal charge if Boudreau would dismiss this case,[4] forms the basis for Boudreau's 42 U.S.C. § 1983 claim that the embezzlement prosecution was brought as a conspiracy to retaliate against him for filing the Boudreau 2013 Case. Boudreau argues that the stay should be lifted because he continues to be detained in a federal facility awaiting the disposition of new child pornography

---

[2] This portion of this memorandum and order assumes the reader's familiarity with my report and recommendation of November 9, 2017, ECF No. 17, based on which the Court originally imposed the stay.

[3] ECF No. 17 at 5 (describing what is referred as Boudreau 2013 Case).

[4] Because Boudreau attached a copy of this letter, the Court can readily ascertain the many problems with Boudreau's characterization of it and his reliance on it. ECF No. 24-1. First, the letter is self-described as responsive to Boudreau's letter soliciting such an offer of compromise; thus, it is not a spontaneous offer to "drop the criminal embezzlement complaint," as Boudreau alleges. ECF No. 24 at 3. Second, the letter does not relate to this case only, but rather pertains to all of the cases and claims brought by Boudreau against ATC, its principals and its attorneys. Third, the letter does not offer to drop the embezzlement charge; rather, it states that ATC, its principals and attorneys would "recommend to the Attorney General that embezzlement charges . . . be dropped," with the proviso that they have no control over the prosecutorial discretion of the Rhode Island Attorney General. Fourth, and most important, the letter is clearly captioned as a compromise communication that is protected by Fed. R. Evid. 408(a) from use (as Boudreau purports to do in his motion) to prove the validity of a disputed claim. The letter will not be further considered.

charges, as a result of which the state embezzlement case continues to be moribund, permitting the inference that it has been abandoned. The only new facts that Boudreau adds to what was before the Court when the stay was first imposed are (1) his success in firing his attorney in the embezzlement case;[5] (2) the State's failure to seize on his appearance in the Rhode Island Supreme Court on April 3, 2019,[6] to reactivate the embezzlement prosecution; (3) and the State's ongoing non-responsiveness despite his shower of requests for more discovery beyond what had previously (before the federal child pornography indictment) been provided.

The Court construes Boudreau's motion to lift the stay as a motion for reconsideration of the original order. As such, it must overcome the well-established principle that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30. To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.; see Silva, 2019 WL 2501887, at *1.

The factual development since the stay issued in late 2017 may be briefly summarized. First, the ongoing federal prosecution for child pornography, which is the reason why the State's embezzlement prosecution has been stalled, had continued and Boudreau is now adjudicated

---

[5] The Superior Court granted the motion to withdraw on September 26, 2019. See Rhode Island v. Boudreau, P2-2015-0095A (R.I. Supr. Ct.) (Docket).

[6] Boudreau's motion does not reveal why he was appearing before the Rhode Island Supreme Court on that day.

guilty based on his plea to two counts, one of accessing child pornography with intent to view and one of possession of child pornography. United States v. Boudreau, CR No. 16-11JJM (Hearing of May 11, 2018 & ECF No. 86). His sentencing is scheduled for January 8, 2020. Meanwhile, several of his civil cases against ATC (its principals and, sometimes, its attorneys) and against the members of law enforcement who were involved with various of his criminal prosecutions, have now terminated, all ending with final judgment against Boudreau and in favor of ATC, its principals and attorneys, and law enforcement, including Officer Petit. See Boudreau v. Lussier, 901 F.3d 65, 69 (1st Cir. 2018) (affirming judgment in favor of all defendants in Boudreau 2013 Case); Boudreau v. Lussier, C.A. No. 17-090 WES, 2018 WL 3617956, at *1-3 (D.R.I. July 30, 2018) (granting summary judgment of Boudreau's filing of identical claims against same and other defendants as in Boudreau 2013 Case); Boudreau v. Automatic Temperature Controls, Inc., 212 A.3d 594, 595-96 (R.I. 2019) (affirming grant of summary judgment on Boudreau's claims against former employer based on Rhode Island Computer Crimes Act, Software Fraud Act and Wiretap Act).

There is also a development in the State's embezzlement case that Boudreau did not mention in his motion to lift stay – in August 2019, acting *pro se*, he filed a massive motion to dismiss the criminal prosecution, which is now pending before the Superior Court. See Rhode Island v. Boudreau, P2-2015-0095A (Docket; mot. to dismiss filed Aug. 28, 2019). More recently, on October 30, 2019, he filed a motion for a speedy trial. See id. (Docket; mot. for speedy trial filed Oct. 30, 2019)

Also during the time since the Court entered the stay, the law has evolved. As pertinent to this case, in McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019), the Supreme Court clarified that a § 1983 claim that a criminal arrest or proceeding was based on intentionally fabricated

evidence is not ripe as long as the criminal proceeding is ongoing; and the § 1983 cause of action does not accrue until the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings. [Plaintiff] therefore had a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor." McDonough, 139 S. Ct. at 2159. And the Supreme Court has also doubled down on the burden imposed on a plaintiff like Boudreau of showing the absence of probable cause to support the prosecution. See Nieves v. Bartlett, 139 S. Ct. 1715, 1723-24 (2019) (because probable cause speaks to the objective reasonableness of arrest, its absence in retaliatory arrest and prosecution cases is weighty evidence "that the officer's animus caused the arrest, whereas the presence of probable cause will suggest the opposite").

None of these developments suggest that the stay was improperly granted or that it now should be lifted. Wallace v. Kato, 549 U.S. 384, 397 (2007), and Guerro v. Mulhearn, 498 F.2d 1249, 1251 (1st Cir. 1974), as well as the abstention doctrine first articulated in Younger v. Harris, 401 U.S. 37, 38 (1971), still provide the guiding principles, now reaffirmed by McDonough's holding that a claim like Boudreau's does not even accrue until the State prosecution is over. The impediment to the forward progress of the State's embezzlement prosecution is Boudreau's now admitted commission of new child pornography crimes. As before, the delay is caused by the ongoing federal proceedings (and Boudreau's detention in a federal facility while they remain pending); nothing that Boudreau has presented amounts to

5

evidence either that the State has abandoned the embezzlement case or that it has been lackadaisical in prosecuting it. For all of the reasons why the Court originally imposed the stay, which are detailed in my 2017 report and recommendation and the District Court's decision adopting it (ECF No. 19), the motion to lift the stay is denied.

## II.    MOTION TO DISQUALIFY COUNSEL AND TO WITHDRAW MOTION TO DISQUALIFY COUNSEL

Starting with Boudreau's motion to withdraw his motion to disqualify, the Court declines to leave this issue hanging as a cloud over Officer Petit's relationship with his legal counsel, by allowing Boudreau to keep the argument as something he may refile at some time in the future. Officer Petit has incurred the expense of responding to the motion to disqualify and the Court has expended its resources on considering it. It is now ripe for decision. Accordingly, the Court denies the motion to withdraw the motion to disqualify.

As to the merits of the motion to disqualify, Boudreau has presented no competent reason to disqualify the law firm that has been representing Officer Petit in this case since it was filed over two years ago. Boudreau's argument is based on an unrelated post-conviction proceeding in which a subpoena was issued for Officer Petit, but he did not appear; however, Boudreau does not even assert that the law firm in this case was representing Officer Petit in that proceeding nor does he suggest that the law firm has engaged in wrongful conduct, never mind conduct serious enough to merit disqualification.

"Disqualification motions serve to protect the legal profession from ethical violations that shake the public's confidence in the legal profession, and also serve to preserve the dignity of the judicial process." Gray v. R.I. Dep't of Children, Youth & Families, 937 F. Supp. 153, 156 (D.R.I. 1996). "[E]very disqualification motion . . . requires analysis tailored to the specific ethical dilemma presented by the circumstances." Markham Concepts, Inc. v. Hasbro, Inc., 196

F. Supp. 3d 345, 351 (D.R.I. 2016). "[C]ourts must balance two competing interests when deciding a motion to disqualify another party's attorney: (i) the client's right of choosing an attorney and (ii) the protection of the integrity of the judicial process." Gray, 937 F. Supp. at 156 (quoting Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F. Supp. 253, 256 (D.P.R. 1995)). In consideration of these legal principles, the Court finds that Boudreau's motion to disqualify is frivolous. It is denied.

## III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Lift Stay (ECF No. 24), Plaintiff's Motion to Disqualify Counsel (ECF No. 27) and Plaintiff's Motion to Withdraw Motion to Disqualify Defendant's Counsel (ECF No. 31) are denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 18, 2019