UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JASON BOUDREAU,<br>*Plaintiff,* | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 1:17-cv-00301-WES-PAS |
| KEVIN PETIT, et al.,<br>*Defendants.* | )<br>)<br>)<br>) |  |

## STEVE LUSSIER, JOHN LUSSIER, AND DONALD LUSSIER'S STATUS REPORT PURSUANT TO COURT'S NOVEMBER 2, 2021 TEXT ORDER

NOW COME Defendants, Steve Lussier, John Lussier, and Donald Lussier (collectively, the "Lussiers"), and, pursuant to the Court's November 2, 2021 text order, hereby report to the Court as to the status of settlement negotiations with the Plaintiff, Jason Boudreau ("Boudreau").

Throughout the numerous lawsuits that Boudreau has filed against the Lussiers and their affiliates, Boudreau and the Lussiers have had sporadic settlement conversations that ultimately resulted in impasse. However, by letter dated June 25, 2021,[1] Boudreau agreed to and accepted settlement terms that the Lussiers proposed in a June 16, 2021 letter,[2] but he imposed a condition on that acceptance: that the embezzlement charge[3] ("Embezzlement Charge") that the State of Rhode Island brought against him be dismissed, *see* Doc. 33 at 15.

After Boudreau's June 25, 2021 letter, the Lussiers drafted a settlement agreement, releases, and dismissals of lawsuits, but those documents were never executed, because the

---

[1] *See* Doc. 33 at 15.
[2] *See* Doc. 33 at 12.
[3] On February 2, 2015, the State of Rhode Island filed an information against Boudreau in *State of Rhode Island v. Jason Boudreau* (P2-2015-0095A), charging him with embezzlement of over one hundred dollars from his prior employer, Automatic Temperature Controls, Inc., of which the Lussiers are shareholders.

Lussiers and Boudreau were awaiting the State's dismissal of the Embezzlement Charge. Additionally, the Lussiers' counsel has made several phone calls to the Attorney General in an attempt to communicate ATC's—the victim of the embezzlement—recommendation that the Embezzlement Charge be dismissed. However, those efforts have, to date, been unsuccessful and the Embezzlement Charge has not been dismissed.

As a result, the current status of settlement negotiations is that there is no executed settlement agreement between the Lussiers and Boudreau. There are, however, agreed upon terms of a settlement, which have not become effective due to Boudreau's insistence that the Embezzlement Charge be dismissed as a condition precedent to those terms. Despite the Lussiers' attempts to contact the Attorney General to obtain a dismissal of the Embezzlement Charge, that charge has not yet—and may not be—dismissed. To the extent that Boudreau is unsatisfied with the lapse of time without a formal, executed settlement agreement, that delay is caused only by his own insistence of a condition to the settlement—dismissal of a criminal action—this is controlled by a third party—the Attorney General—that is not a party to the settlement agreement. Importantly, the Lussiers noted this possibility in their June 16, 2021 letter, explaining to Boudreau that "because the complaint is controlled by the [Attorney General] and/or the courts, we cannot assure that the dismissal will be approved . . . ." Doc. 33 at 12. Therefore, any delay caused by the condition that the Embezzlement Charge be dismissed—a condition that was self-imposed by Boudreau and outside the control of the Lussiers—is through no fault of the Lussiers.

Based upon this status report, the Court should deny the Motion to Enforce Settlement Agreement (Doc. 33) and reimpose the stay set forth in its December 12, 2017 order (Doc. 19), because (1) there is no settlement agreement between the Lussiers and Boudreau: (2) Boudreau insisted upon a condition, which the Lussiers have no control over, to the terms of any settlement

agreement; and (3) any delay caused by that condition is through no fault of the Lussiers. Should Boudreau forego the condition that the Embezzlement Charge be dismissed, the Lussiers are ready, willing, and able to consummate a settlement upon the terms set forth in their June 16, 2021 letter.

      STEVE LUSSIER, JOHN LUSSIER, and
      DONALD LUSSIER,

      By their attorneys,

      /s/ *Douglas Giron*
      /s/ *Christopher J. Fragomeni*
      Douglas A. Giron, Esq.
      Christopher J. Fragomeni (9476)
      Savage Law Partners, LLP
      564 S. Water Street, Providence, RI 02903
      P: 401-238-8500  |  F: 401-648-6748
      dgiron@savagelawpartners.com
      chris@savagelawpartners.com

## **CERTIFICATION OF SERVICE**

I hereby certify that the within document has been electronically filed with the Court on this 10th day of November, 2021 and is available for viewing and downloading from the ECF system. I further certify that a true and accurate copy of the within was mailed, postage prepaid, on this 10th day of November 2021 to:

Jason Boudreau, Inmate No.79366
Pro Se Unit and Room No. BN- 2424
26 Long Pond Road
Plymouth, MA 02360

      /s/ *Christopher J. Fragomeni*