UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | 1:17-cv-00301-WES-PAS |
| | : | |
| KEVIN PETIT, STEVE LUSSIER, JOHN LUSSIER, DONALD LUSSIER, JAMES BROWN, NICHOLAS RIVELLO, CITY OF WARWICK, WARWICK POLICE DEPARTMENT AND RHODE ISLAND STATE POLICE, | : | |
|    *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)**

Defendants, the Rhode Island State Police (the "State Police"), James Brown, and Nicholas Rivello (collectively, the "State Defendants"), hereby move to dismiss the First Amended Complaint filed by Plaintiff Jason Boudreau ("Plaintiff") for failure to state a claim and failure to comply with this Court's orders under Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. The State Defendants also move for the entry of final judgment under Rule 54(b).

This Court's Order of February 16, 2024 (the "Order") granted the State Defendants' motion to dismiss Plaintiff's Complaint and directed Plaintiff to file an amended complaint only "[w]ith respect to the surviving counts" against defendants Kevin Petit, the City of Warwick, and the Warwick Police Department (collectively, the "City Defendants"). ECF 74 at 43. Because Plaintiff did not obtain reconsideration or leave from this Court before reasserting claims against the State Defendants, his attempt to do so through the First Amended Complaint contravenes the Order and is itself grounds for dismissal under Rule 41(b). Plaintiff's attempt to reassert his

1

claims against the State Defendants also fails under the law of the case doctrine and because he has not stated any valid claim. And no just reason exists to delay the entry of final judgment under Rule 54(b) on all of Plaintiff's claims against the State Defendants.

## I. STATEMENT OF FACTS

As described by this Court, Plaintiff's original Complaint "present[ed] a tangled web of factual allegations and conclusory statements" spun from Plaintiff's "underlying theory" that "his former employer and a Warwick Police Officer conspired with two State Police officers to fabricate a baseless embezzlement charge against him." ECF 74 at 1-2. Plaintiff originally brought the following claims against the State Defendants:

- Count 5: "Conspiracy to Fabricate Probable Cause" against Brown and Rivello. Compl. at ¶¶ 365-86.

- Count 8: "Denial of Right to a Fair Trial" against Brown, Rivello, and the State Police. *Id.* at ¶¶ 415-24.

- Count 11: "Defamation and Libel" against Brown, Rivello, and the State Police. *Id.* at ¶¶ 447-61.

- Count 12: "Libel Per Se" against Brown, Rivello, and the State Police. *Id.* at ¶¶ 462-64.

- Count 13: "Concealment of Evidence – 42 USCS § 1983" against Brown and Rivello. *Id.* at ¶¶ 465-80.

- Count 15: "False Statements & Omissions in Warrant Affidavits 42 USC § 1983" against Brown. *Id.* at ¶¶ 486-91.

- Count 16: "Invasion of Privacy (R.I.G.L. § 9-1-28.1)" against Brown and the State Police. *Id.* at ¶¶ 492-98.

- Count 17: "Failure to Intervene/Neglect to Prevent Harm From Conspiracy" against Brown and Rivello. *Id.* at ¶¶ 499-504.

- Count 18: "Negligent Infliction of Emotional Distress" against Brown and Rivello. *Id.* at ¶¶ 505-07.

- Count 19: "Intentional Infliction of Emotional Distress" against Brown and Rivello. *Id.* at ¶¶ 508-11.

- Count 20: "Negligent Employment/Retention/Failure to Discipline" against the State Police. *Id.* at ¶¶ 512-15.

- Count 21: "Policy, Custom and/or Practice of Failing to Properly Train and Supervise Law Enforcement Employees" against the State Police. *Id.* at ¶¶ 516-19.

After the State Defendants moved to dismiss all claims against them in the Complaint, this Court granted that motion in full through the Order, which disposed of Plaintiff's claims against the State Defendants on various legal grounds. *See* ECF 74 at 8-28. The Court also granted in part and denied in part the City Defendants' motion to dismiss and directed Plaintiff to file an amended complaint "[w]ith respect to the surviving counts" against the City Defendants. *Id.* at 43; *see id.* at 43-44 n. 18 (ordering Plaintiff "to file an amended complaint for his remaining claims that comports with Rule 8's 'short and plain statement' requirement").

In contravention of this Court's order, Plaintiff's First Amended Complaint asserts the following claims against the State Defendants:

- Count 3: "Denial of Right to a Fair Trial" against Brown, Rivello, and the State Police. First Am. Compl. at ¶¶ 130-39.

- Count 6: "Defamation and Libel" against Brown, Rivello, and the State Police. *Id.* at ¶¶ 155-61.

3

- Count 7: "Concealment of Evidence" against Brown and Rivello. *Id.* at ¶¶ 162-66.

- Count 8: "Negligent Employment/Retention/Failure to Discipline" against the State Police. *Id.* at ¶¶ 167-71.

- Count 9: "Policy, Custom and/or Practice of Failing to Properly Train and Supervise Law Enforcement Employees" against the State Police. *Id.* at ¶¶ 172-86.

Each claim against the State Defendants in the First Amended Complaint is identical to a claim which this Court has already dismissed. As such, Plaintiff's First Amended Complaint improperly seeks to revive claims this Court dismissed and fails to state a claim for the reasons already determined in this Court's Order dismissing Plaintiff's case against the State Defendants.

## II. STANDARD OF REVIEW

### A. Rule 41(b)

"Rule 41(b) states, in relevant part, '[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.'" *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 13 (1st Cir. 2023) (quoting Fed. R. Civ. P. 41(b)). The First Circuit has set out "a non-exclusive list of substantive factors to consider" in deciding whether dismissal under Rule 41(b) is appropriate: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), if a complaint fails to state facts sufficient to establish any claim that is "plausible on its face," that complaint must be dismissed.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept factual allegations in a complaint as true and draw reasonable inferences in the plaintiff's favor but is not required to accept "unsupported conclusions or interpretations of law." *Zhao v. CIEE Inc.*, 3 F.4th 1, 4 (1st Cir. 2021). Although "courts must be mindful of the challenges faced by pro se litigants and construe their arguments liberally," the "duty to be 'less stringent' with pro se complaints does not require [courts] to conjure up unpled allegations." *Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022).

### C. Rule 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure "permits the entry of final judgment as to fewer than all the parties or claims in a multi-party action . . . 'upon an express determination that there is no just reason for delay' in entering judgment." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 579 (1st Cir. 1994) (quoting Fed. R. Civ. P. 54(b)). The Rule 54(b) inquiry should assess "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996). "[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003).

### III. ARGUMENT

#### A. Dismissal of Plaintiff's Reasserted Claims is Warranted Under Rule 41(b)

Plaintiff's attempt to resurrect his claims against the State Defendants violates the Court's Order directing Plaintiff to file an amended complaint only "with respect to the surviving counts," which consisted solely of claims against the City Defendants.[1] ECF 74 at 43. While dismissal is typically considered an extreme remedy for Rule 41(b) violations, it is appropriate here for multiple reasons. Plaintiff's conduct of unilaterally renewing his previously dismissed claims against the State Defendants is both deliberate and unexcused. *See Malot*, 478 F.3d at 44. Plaintiff's actions have also prejudiced both the State Defendants, who must now continue to defend themselves against claims the Court has already rejected, and the operations of the Court, which must now wade through those claims for a second time. *See id.* And no lesser sanctions would be adequate, as the penalty of dismissal is no more extreme than the properly implemented effect of the Court's prior Order. *See id.*

#### B. Plaintiff Continues to Fail to State any Plausible Claim against the State Police or its Employees under *Twombly* and *Iqbal*

Rule 41(b) aside, dismissal is also appropriate because Plaintiff's First Amended Complaint—even more so than his prior Complaint—lacks any factual allegations that could plausibly support his claims against the State Defendants. *See* ECF 74 at 8-9 ("The lion's share of [Plaintiff]'s allegations regarding State Defendants are conclusory, and what allegations remain fall short of asserting viable claims."). In fact, the State Defendants barely make an appearance in the First Amended Complaint, and the few paragraphs that do refer to the State

---

[1] After filing his first Amended Complaint, Plaintiff also filed a motion for reconsideration of the Court's decision to grant the State Defendants' motion to dismiss; however, for the reasons set out in the State Defendants' separately filed objection, Plaintiff's motion for reconsideration is baseless and should be denied. *See* ECF 80.

Defendants rely entirely on legal conclusions and "'[u]nadorned, the-defendant-unlawfully-harmed-me accusation[s]' that . . . [are] insufficient" to state a valid claim. *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 534 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, First Am. Compl. at ¶ 87 ("That the R.I. State Police issued a search warrant and arrest warrant based on the fabricated probable cause created by Steve Lussier and Kevin Petit."); *id.* at ¶ 131 (alleging that the State Defendants "conspired" with other defendants "to fabricate statements and evidence in order to fabricate probable cause against Plaintiff"). Because Plaintiff's allegations are "too meager, vague, [and] conclusory to remove the possibility of relief from the realm of mere conjecture," his claims against the State Defendants in the First Amended Complaint must be dismissed. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

### C. Because Plaintiff's Reasserted Claims Share the Same Deficiencies as His Prior Claims Against the State Defendants, Dismissal of the Reasserted Claims is Warranted Under the Law of the Case Doctrine

The State Defendants also respectfully incorporate by reference the arguments they raised for dismissal of Plaintiff's prior Complaint. *See* ECF 58-1 at 6-23; ECF 70 at 1-6. Because Plaintiff's First Amended Complaint does nothing to remedy the multiple legal deficiencies that previously led this Court to dismiss all claims against the State Defendants, the law of the case doctrine compels the same result here. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Negrón-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009) (quoting *United States v. Wallace*, 573 F.3d 82, 87–88 (1st Cir. 2009)). "Nevertheless, courts may reopen a matter previously decided on 'a showing of exceptional circumstances-a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier

7

obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.'" *Id.* (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)).

None of those exceptional circumstances apply. For example, Counts 3 and 7 of Plaintiff's First Amended Complaint, alleging denial of right to a fair trial and concealment of evidence, are substantively identical to Counts 8 and 13 of Plaintiff's original Complaint. *Compare* First Am. Compl. at ¶¶ 130-39, 162-66, *with* Compl. at ¶¶ 415-24, 465-80. This Court previously dismissed these claims after holding that Plaintiff's allegations failed to create any plausible inference that the State Defendants "fabricated information or concealed exculpatory evidence" or either knew or should have known that other defendants had done so. ECF 74 at 13; *see id.* at 14-17. Nothing in the First Amended Complaint provides any basis to disturb those holdings.

Similarly, the defamation claim under Count 6 of the First Amended Complaint is identical to Count 11 of the Complaint, which this Court dismissed after holding that the State Defendants were protected by a qualified privilege for statements made in the course of their official duties. *See* ECF 74 at 23-25; *compare* First Am. Compl. at ¶¶ 155-61, *with* Compl. at ¶¶ 447-61. As with the Complaint, the First Amended Complaint does not contain allegations of malice sufficient to overcome that privilege. *See* ECF at 24-25. And Counts 8 and 9 of the First Amended Complaint, which assert forms of supervisory liability against the State Police based on constitutional violations by individual officers, recapitulate Counts 20 and 21 of the Complaint. *Compare* First Am. Compl. at ¶¶ 167-86, *with* Compl. at ¶¶ 512-19. Like those previously dismissed Counts, Plaintiff's new claims are barred because state agencies are not

8

"'persons' under § 1983."[2] ECF 74 at 28 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The State Defendants therefore request that the Court dismiss all claims asserted against them in Plaintiff's First Amended Complaint.

### D. The History and Status of this Case Shows that there is No Just Reason to Delay the Entry of Final Judgment under Rule 54(b)

Finally, the State Defendants also respectfully request that the Court enter final judgment on all of Plaintiff's claims against them. An order dismissing the claims in the First Amended Complaint, like this Court's prior Order dismissing all claims against the State Defendants in the Complaint, is final for purposes of Rule 54(b). *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 28 (1st Cir. 2022).

The claims against the State Defendants are also sufficiently "separate and distinct" from Plaintiff's surviving claims against the City Defendants to warrant the entry of final judgment. *Quinn*, 325 F.3d at 27. In marked "contrast to Petit" (and by extension, the other City Defendants), "who had previously investigated [Plaintiff] and had been named as an adverse party in [Plaintiff]'s 2013 Lawsuit, State Defendants had no connection to [Plaintiff] prior to the embezzlement investigation." ECF 74 at 32 n.10; *see id.* at 25 (finding that the State Defendants "had no connection to [Plaintiff], the Lussiers, or Petit prior to the embezzlement investigation"). Indeed, while Plaintiff's First Amended Complaint alleges that he was the victim of misconduct

---

[2] The supervisory claims against the State Police also fail for lack of any underlying constitutional violation by an individual officer, as no valid claims against Brown or Rivello exist. *See Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 12 (1st Cir. 2004). Although Plaintiff asserts in his First Amended Complaint that the State Police are responsible for negligently employing Kevin Petit, Plaintiff also concedes that Petit is a member of the Warwick Police Department and is not employed by the State Police. *See* First Am. Compl. at ¶¶ 61-62, 168-71. Although Petit is a member of the State Police's Internet Crimes Against Children task force, Plaintiff fails to allege that Petit was working as an agent of the State Police when he took the actions Plaintiff complained of; to the contrary, Plaintiff alleges that Petit acted outside the scope of his status as a member of the task force. *See id.* at ¶¶ 61, 96.

9

by Petit dating back to June 2011, there is no indication that the State Defendants became involved with Plaintiff until April 2014. *Compare* First Am. Compl. at ¶ 44 (alleging that Petit conspired with Plaintiff's employers to have "Plaintiff arrested for driving on a suspended license" in June 2011), ¶ 56 (asserting that Plaintiff sued "Steve Lussier, John Lussier, and Kevin Petit for Federal Wiretap violations" in May 2013), and ¶ 74 (asserting that Steve Lussier gave a false statement to Petit regarding Plaintiff's alleged embezzlement on July 30, 2013), *with* Compl. at ¶ 241 (alleging that Brown and Rivello interviewed Steve Lussier in April 2014).

Importantly, these factual distinctions and their legal ramifications were central to the Court's decision to dismiss all claims against the State Defendants while allowing several claims against the City Defendants to proceed. *See* ECF 74 at 31-32 & n.10 (noting that Petit had previously investigated Plaintiff for child pornography and had a possible "motive to retaliate" against Plaintiff because of Plaintiff's lawsuit but that no factual allegations supported a similar inference against the State Defendants); *id.* at 40 ("Although a qualified privilege precludes defamation and libel claims against State Defendants, the same cannot be said for Petit."). In a similar vein, while Plaintiff's supervisory liability claims against the State Police failed because state agencies are not "persons" under § 1983, that defense did not apply to the Warwick Police Department and City of Warwick. *Id.* at 28, 42. As both this Court and the First Circuit have recognized, these kinds of material distinctions between dismissed and surviving claims are appropriate grounds for entering final judgment under Rule 54(b). *See, e.g.*, *Quinn*, 325 F.3d at 27 ("Such a lack of overlap strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54(b))."); *Richardson v. City of Providence by & Through Lombardi*, No. CV 18-253, 2018 WL 5619719, at *4 (D.R.I. Oct. 30, 2018).

10

The "equities and efficiencies" of this case also weigh in favor of granting partial final judgment. *Credit Francais Int'l, S.A.*, 78 F.3d at 706. Although Plaintiff initially sued the State Defendants almost seven years ago for events that occurred approximately ten years ago, this case has not yet moved past the pleading stage into discovery. *See* Compl. at ¶ 241. And after the Court found that none of Plaintiff's twelve causes of action against the State Defendants stated a valid claim, Plaintiff has responded with baseless attempts to revive those claims. There is no just reason to subject the State Defendants to the further delay and prejudice that is almost certain to result absent the entry of a final judgment terminating Plaintiff's claims.

IV.  **CONCLUSION**

For the reasons set forth above, the State Defendants ask that the Court dismiss, with prejudice, all of Plaintiff's claims against them in the First Amended Complaint. The State Defendants further request that the Court find that there is no just reason for delaying final judgment in State Defendants' favor under Rule 54(b) and enter judgment accordingly.

Respectfully Submitted,

Defendant,
RHODE ISLAND STATE POLICE,

By:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Jeff Kidd*
Jeff Kidd (#10416)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, ext. 2225
Fax: (401) 222-2995
jkidd@riag.ri.gov

11

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class mail to the following on this 15th day of April 2024.

**Jason Boudreau, 10950-070**
FCI Danbury
33 1/2 Pembroke Road
Danbury, CT 06811

                                                        */s/ Jeff Kidd*