UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU, :
        Plaintiff, :
         :
v. : C.A. No. 17-301WES
         :
KEVIN PETIT, et al., :
        Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      Pending before me on referral pursuant to 28 U.S.C. § 636(b)(1) is the motion of *pro se* Plaintiff Jason Boudreau to preserve evidence. ECF No. 104. Plaintiff is a felon currently serving a 235-month sentence for on-line possession of child pornography. He asks the Court to order the current Defendants, one of the now terminated (with prejudice) State Defendants (the Rhode Island State Police ("RISP")) and a non-party, the Rhode Island Attorney General ("RIAG"), to preserve 500 gigabytes of data on a computer hard drive that was in law enforcement custody in 2015. Plaintiff represents that the hard drive contains evidence that is relevant to the now-terminated criminal charge of embezzlement that underpins the claims in issue in this case and that it "contains voluminous documents and evidence relevant to the instant case." ECF No. 104 at 1. Plaintiff further represents that, in 2015, his then-criminal attorney in the embezzlement case sought production of this data as part of the criminal case discovery, that he was advised that it was in RISP custody and that production of all of it was proffered to him. Id. The motion to preserve does not disclose whether Plaintiff's attorney declined this proffer or whether Plaintiff through his then-attorney accepted the proffer and acquired some or all of the material that is the subject of the instant motion, nor does it indicate whether Plaintiff has asked

his attorney to provide copies of such material, nor does it reveal why the Court should order preservation of material that Plaintiff was afforded an opportunity to copy in 2015, nor does it establish a specific, significant imminent threat of loss, nor (apart from a conclusory statement that its content is somehow "relevant to the instant case") does it articulate how and to what extent the 500 gigabytes of data on the hard drive are relevant to what remains in issue in this case.  See ECF No. 104.

Defendants and non-party RIAG appropriately object because they do not have custody or control over the hard drive in issue.  Non-party RISP objects because a motion to preserve seeks an injunctive remedy that "should issue only upon an adequate showing that equitable relief is warranted."[1]  Hunter v. Sterling, Civil Action No. 08-0835-JVP-DLD, 2009 WL 4348660, at *1 (M.D. La. Nov. 24, 2009).  RISP further represents to the Court that the hard drive is currently in its possession and has been preserved because it contains evidence related to one of Plaintiff's convictions for possession of child pornography and that RISP intends to continue to preserve the hard drive for the duration of this case.  ECF No. 113 at 2-3.  RISP also correctly notes that Plaintiff's conclusory motion fails to show that anything on the hard drive is relevant to what is now in issue in this case, which is narrowly focused on the conduct of Warwick Police Officer Kevin Petit, or how a hard drive containing child pornography is properly discoverable.[2]  Id.

Courts faced with motions to preserve certain discovery items apply a balancing test based on the following three factors: (1) the degree to which the continuing existence and

---

[1] Because RISP is correct that a motion to preserve seeks an injunction, I am addressing the motion by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The latter concern is important because the hard drive is a medium containing child pornography.  RISP asserts that it is barred by state and federal law from mailing, transporting, distributing, delivering or transferring it by any means into Plaintiff's possession.  18 U.S.C. § 2252; R.I. Gen. Laws § 11-9-1.3.

maintenance of the evidence will be in question in the absence of an order directing preservation of the evidence; (2) whether there will be irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also based on the burdens created by ordering preservation. In the Matter of the Complaint of Specialist LLC, No. 16-CV-2515 (KMK), 2016 WL 6884919, at *3 (S.D.N.Y. Nov. 22, 2016); Capricorn Power Co. v. Siemens Westinghouse Power Corp., 220 F.R.D. 429, 433-34 (W.D. Pa. 2004). When the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific, significant, imminent threat of loss, a preservation order is not justified. See Capricorn Power Co., 220 F.R.D. at 435.

      Plaintiff's motion to preserve evidence (ECF No. 104) should be denied as to Defendants and non-party RIAG because they do not have custody of it. As to RISP, which does have custody, Plaintiff has failed to articulate two of the required elements for relief. First, he has failed to establish that there is a present and imminent threat that the hard drive will be lost. Second, he has failed to demonstrate that he will suffer irreparable harm based on the loss of material that is on the hard drive and relevant to the only claims remaining in this case against Officer Petit and the City of Warwick. See ECF No. 55 (dismissing claims against Lussier Defendants with prejudice); Boudreau v. Petit, C.A. No. 17-301 WES, 2024 WL 665546, at *17 (D.R.I. Feb. 16, 2024) (dismissing all claims against State Defendants and many claims against City Defendants); Text Order of May 13, 2024 (dismissing for second time, expressly with prejudice, all claims against State Defendants that Plaintiff wrongly sought to revive by including them in First Amended Complaint).

Based on the foregoing, I recommend that Plaintiff's motion to preserve evidence (ECF No. 104) be DENIED. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 18, 2024