UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU, :
       Plaintiff, :
        :
v. : C.A. No. 17-301WES
        :
KEVIN PETIT, et al., :
       Defendants. :

**ORDER TO SHOW CAUSE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    This civil case based on federal and state law is being prosecuted by *pro se* Plaintiff Jason Boudreau, who is a felon currently serving a 235-month sentence for on-line possession of child pornography.[1] Plaintiff is currently incarcerated in a Federal Bureau of Prisons facility located in the District of Connecticut. All of the subpoenas that triggered this show cause order were issued by this Court and command the recipient to produce the documents or things at the federal prison where Defendant is incarcerated.

**I.    Background to Show Cause Order**

    As originally pled, this case was based on a forty-nine-page complaint consisting of 519 paragraphs and "a tangled web of factual allegations and conclusory statements" claiming that Plaintiff is the victim of a conspiracy to bring a fabricated criminal charge of embezzlement

---

[1] Plaintiff's offenses against children, both hands-on and through the serial consumption on-line of child pornography, are summarized in United States v. Boudreau, 58 F.4th 26, 29 (1st Cir.), cert. denied, 144 S. Ct. 229 (2023). Defendant also has state convictions for possession of child pornography (P2-2012-0841A), larceny over $1,500 (P2-2012-2059A), reckless driving (31-2012-01621), receipt of stolen goods over $1,500 and tampering with a motor vehicle (P2-2011-3383B), second degree child molestation (K2-2010-0725A) and uttering fraudulent checks (61-1993-03261). He has convictions in Connecticut for risk of injury to a child and attempt to commit illegal sexual contact with a child (W11D-CR13-0152028-S). Additionally, the Rhode Island State Police alleges that in 2021, Plaintiff was arrested for obtaining or attempting to obtain child pornography while he was incarcerated at the Plymouth County Correctional Facility in Massachusetts. ECF No. 111-1 at 3.

among Steve, John and Donald Lussier (the "Lussier Defendants," who are the owner/managers of Plaintiff's prior employer – Automatic Temperature Controls, Inc. ("ATC") – whose computers Plaintiff was convicted of using to view child pornography); two State Police officers and the Rhode Island State Police (the "State Defendants"); and Warwick Police Officer Kevin Petit, the City of Warwick and the Warwick Police Department (the "Warwick Defendants"). Boudreau v. Petit, C.A. No. 17-301 WES, 2024 WL 665546, at *1 (D.R.I. Feb. 16, 2024).

On April 26, 2023, Plaintiff signed a voluntary dismissal with prejudice of this case as to the Lussier Defendants. ECF No. 55. On February 16, 2024, this Court issued a lengthy decision that dismissed all of Plaintiff's claims against the State Defendants and many of Plaintiff's claims against the Warwick Defendants. See Boudreau, 2024 WL 665546. As part of this ruling, the Court ordered Plaintiff to file "an amended complaint for his remaining claims that comports with [Federal] Rule [of Civil Procedure] 8's 'short and plain statement'" requirement. Id. at *17 n.18 (emphasis added). In contravention of this order mandating that the amended pleading must be limited to the "remaining claims," Plaintiff filed the First Amended Complaint ("FAC," ECF No. 79), in which he wrongly named the Lussier Defendants and asserted claims against them that he had terminated with prejudice; he also improperly named and asserted claims against the State Defendants that this Court had dismissed.[2] See Text Order of May 13, 2024. Because the Lussier Defendants are terminated from the case, and Plaintiff has not served them with the FAC, there is nothing to suggest that they have notice of the FAC. As of this writing, they have not tried to reenter the case and incur the expense of asking that these improperly asserted claims against them be dismissed. However, the State Defendants have not

---

[2] The FAC's 186 paragraphs also arguably contravene the order's requirement that the amended pleading must be limited to a "short and plain statement." ECF No. 79. Because 186 paragraphs is a dramatic reduction from the 519 paragraphs in the original complaint, I have not relied on this potential flaw in the FAC in issuing this show cause order.

2

yet been terminated and they received service of the FAC via CM/ECF.  Because of Plaintiff's violation of the Court's order, the State Defendants were put to the expense of filing yet another motion to dismiss.  In response, the Court again issued an order, this time clarifying that the State Defendants and all claims against them are "DISMISSED with prejudice."  Text Order of May 13, 2024.

Based on the voluntary dismissal and Court's rulings dismissing various defendants and claims, this case is now laser-focused on the conduct of Warwick Police Officer Kevin Petit.  Plaintiff accuses Officer Petit of fabricating evidence and concealing documents to support what Plaintiff claims was a baseless criminal prosecution against him for embezzling unauthorized bonuses from ATC in retaliation for Plaintiff having served Officer Petit with another civil case (filed in 2013) that subsequently was dismissed.  FAC at 5-7.  As the Court has made clear, Plaintiff's claims of retaliation survived the Fed. R. Civ. P. 12(b)(6) motion due to the pleading's allegation of temporal proximity between when Officer Petit was served with the 2013 complaint and his first meeting with Steve Lussier about the embezzlement charge, as well as due to the allegation that the crime of embezzlement committed in Cranston (where ATC is located) was outside the scope of Officer Petit's responsibilities as a Warwick Police Officer assigned to a state-wide task force investigating crimes against children.  Boudreau, 2024 WL 665546, at *1, *11-12.  Also still pending are Monell claims against Warwick for failing to supervise and train Officer Petit.  Id. at *16-17.  Yet there is a pleading – the FAC – that inaccurately may appear to a third party to be far broader, including that it still contains claims against the Lussier Defendants.

Seemingly undaunted by the reality of what is now in issue in this case, on March 26 and May 8, 2024, Plaintiff requested, pursuant to Fed. R. Civ. P. 45(a)(3), and was sent, nine blank

subpoena forms issued by the Clerk.  ECF Nos. 77, 92.  As to four of these, Plaintiff provided notice to the parties as required by Fed. R. Civ. P. 45(a)(4) by filing them filled in with the name of the third-party recipient and the document and things to be produced.  ECF No. 95-1 (subpoena addressed to Rhode Island Attorney General ("RIAG")); ECF No. 103-1 (subpoena addressed to Rhode Island State Police ("RISP")); ECF No. 107-1 (subpoena addressed to Masters & Servant, USI Insurance, LLC ("M&S")); and ECF No. 107-2 (subpoena addressed to Rhode Island Department of Labor and Training ("RIDLT")).  As far as the Court is aware, at least one subpoena was purportedly served without notice to the parties in contravention of Fed. R. Civ. P. 45(a)(4); this subpoena has come to the Court's attention only because the recipient – RIAG – has filed an objection to it.  ECF No. 109.

As to the subpoenas addressed to the State Defendants (RISP) and their counsel (RIAG), the Court now has two objections and a pending objection/motion to quash.  ECF Nos. 102, 109, 111.  Collectively, these contend, *inter alia*, not just that the subpoenas were not properly served[3] but also that, in part, they seek sweeping and burdensome production of documents that relate to Plaintiff's child pornography charges and do not appear to be relevant to the claims that remain in this case.[4]  Because RISP/RIAG received notice of the subpoenas and are responding with discovery of relevant materials,[5] while objecting to what they contend is not relevant, these are not the subject of this order to show cause.

---

[3] That is, they were not served in compliance with Fed. R. Civ. P. 45(b)(1)'s requirement that a copy of a subpoena must be "deliver[ed] . . . to the named person" by an adult who is not a party.

[4] By way of two illustrative examples, Plaintiff has asked RIAG/RISP for certain files on, and chain of custody documents pertaining to, a Dell precision desktop computer that Officer Petit searched in connection with the child pornography prosecution as to which Plaintiff pled nolo contendere in 2014; and all of the discovery responses provided in that child pornography prosecution.

[5] RISP and RIAG have not objected to/moved to quash all of the categories of documents sought by Plaintiff's subpoenas.  For example, RIAG is producing documents related to the embezzlement prosecution that were previously produced or are properly subject to discovery.  ECF No. 102.  That is, both of these state agencies have

Troubling to this Court (and the focus of this show cause order) are the other two subpoenas that have been filed, as well as two more that have been presented to the Clerk's office for filing to provide notice to the parties.

One of these is addressed to what the Court assumes is ATC's insurance company, M&S. It broadly seeks four years (2010, 2011, 2012 and 2013) of invoices, billing reports, collection letters and all documents and reports related to payments to its insurer by ATC. ECF 107-1. It is difficult to imagine how such a request has any conceivable relevance to the claims against Warwick Officer Petit and the City of Warwick. Further, with the Lussier Defendants dismissed from this case with prejudice, they would have no notice that Plaintiff has asserted such a burdensome and intrusive demand that ATC's insurance company must provide copies of its confidential financial records to Plaintiff.

Also concerning is the second of these – the subpoena to RIDLT – which broadly seeks production of all documents that relate in any way to Plaintiff's unemployment hearing and his non-payment of wages complaint against ATC in 2011 and 2012. ECF No. 107-2. As with the subpoena to M&S, there is no evidence that ATC has received notice that documents that may contain, for example, private identifying information about its employees that is the subject of compulsory process, nor can the Court ascertain how such a burdensome request seeks anything that is relevant to Warwick Officer Petit's conduct in this case.

As to both of these subpoenas, the Court is concerned that they may have been issued for the purpose of harassment of ATC and the Lussier Defendants despite their dismissal from this case. The Court notes that this is not the first time that the Court has had such a concern. See

---

acknowledged that some of what Plaintiff seeks is relevant and they are producing those materials. See id.; see also ECF No. 111-1.

Boudreau v. Lussier, No. CA 13-388S, 2014 WL 651536, at *1 (D.R.I. Feb. 19, 2014) (quashing overbroad subpoenas addressed to ATC's business vendors and other third parties seeking burdensome production of documents not relevant to the case; "[t]he Court is also concerned that . . . Plaintiff could be using this civil litigation to . . . retaliate against those he holds responsible for his criminal charges").

Most recently, Plaintiff presented two more troubling subpoenas to the Clerk's office for filing to give notice to the parties before serving them on the recipients. One of these is even more concerning with respect to ATC and the Lussier Defendants in that it is addressed to what appears to be ATC's payroll company and sweepingly requires production to a felon (whose criminal history includes larceny and check fraud) in a federal prison one-and-a-half years (January 2010 to June 2011) of highly confidential financial information – ATC's payroll reports for every employee in the company (potentially including personal identifying information and social security numbers). It also demands copies of emails sent by various employees of ATC (including Plaintiff himself) to the payroll company at various times with no limitation as to topic. As with the other ATC related subpoenas, it is difficult to ascertain how this highly sensitive information conceivably is relevant or proportional to Plaintiff's claim that Warwick Police Officer Petit fabricated or concealed evidence of embezzlement.

The other new subpoena does not target ATC or the Lussier Defendants. Rather, it is addressed to Yahoo!. However, like some of the subpoena requests directed to RISP/RIAG, this subpoena appears to amount to the use of Fed. R. Civ. P. 45 for purposes unrelated to this case in that it seeks production of all search warrants pertaining to Plaintiff that were served on Yahoo! in 2013, 2014 and 2015. With Plaintiff's status as an admitted consumer of on-line pornography during at least one of these years (for example, the totally unrelated-to-this-civil-case federal

6

child pornography charges – United States v. Boudreau, 16-cr-00011-JJM – is based on 2015 conduct), this subpoena likely relates to Plaintiff's criminal child pornography cases; indeed, despite Plaintiff's extensive filings of factual material supportive of his claim against the City of Warwick, the Warwick Police Department and Office Petit, the Court is aware of nothing that conceivably renders the law enforcement material sought from Yahoo! relevant to the claims that remain in this case.  In addition, to the extent that the request somehow relates to the embezzlement charge that is relevant, the RIAG/RISP responses indicate that the discoverable material from their files is being produced.

Aware of Fed. R. Civ. P. 45(d)(1)'s requirement that "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," id. (emphasis added), and because of the scope of what is being sought from, and the burden imposed upon, the third-party targets of these subpoenas, the Clerk's office has brought the pattern described above to the attention of the Court.  The Court directed the Clerk's office to refrain from docketing the most recent two subpoenas – to ATC's payroll vendor and Yahoo! – until these concerns can be reviewed.

**II.     Applicable Law**

"The Court has the discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Hossain v. Job Serv. N. Dakota, No. 1:20-cv-009, 2020 WL 6852655, at *2 (D.N.D. Nov. 20, 2020) (cleaned up) (emphasis added); cf. Friedman v. Bank of Jackson Hole, No. 2:19-cv-01054-JAD-DJA, 2020 WL 2996072, at *2 (D. Nev. June 4, 2020) (directing that no further subpoenas may be issued to *pro se* plaintiff without court approval).  "This power should be exercised to protect the resources of the Court . . . and to prevent harassment and undue expense of other parties and non-parties." Stockdale v.

Stockdale, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). Thus, although the clerk of a court may issue subpoenas in blank that plaintiff must then complete, Fed. R. Civ. P. 45(a)(3), the court retains an obligation to ensure that a requested subpoena would not pose an undue burden or expense on a person subject to the subpoena, Fed. R. Civ. P. 45(d)(1). Daniels v. Wick, No. 3:20-CV-0027-TCB-RGV, 2020 WL 13852084, at *1 (N.D. Ga. Dec. 18, 2020); see Strike 3 Holdings, Inc. v. Doe, 677 F. Supp. 3d 1, 7 (D. Mass. 2023) (recognizing court's authority to act *sua sponte* to avoid imposing undue burden on third-party subject to subpoena under Fed. R. Civ. P. 45(d)(1)).

"Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) . . . and considerations of burden and expense set forth in [the] Federal Rules of Civil Procedure." Heilman v. Lyons, No. 2:09-cv-2721-KJN P, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010); see also Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C., No. 22-CV-2893 (GRB) (JMW), 2023 WL 2771638, at *1 (E.D.N.Y. Apr. 3, 2023) (subpoena issued to non-party pursuant to Fed. R. Civ. P. 45 is subject to Fed. R. Civ. P. 26(b)(1)'s "overriding relevance requirement") (internal quotation marks omitted); Domni v. County of Nassau, 19-CV-0083 (JMA) (AKJ), 2021 WL 9638656, at *2 (E.D.N.Y. June 17, 2021) (requiring *pro se* litigant to obtain permission of court prior to issuance of a subpoena does not violate the Federal Rules of Civil Procedure). To manage these concerns, it is appropriate for a court to proactively oversee the Clerk's office's issuance of subpoenas to *pro se* litigants to prevent abuse of the power of Fed. R. Civ. P. 45. See Bernegger v. Banks, No. 08-C-156, 2008 WL 4866623, at *1 (E.D. Wis. Nov. 10, 2008) (recognizing that "subpoena subjects its recipient to compulsory process and therefore can have profound implications for those to whom it is directed" and that *pro se* litigants may lack the "incentive to use caution in subjecting other

citizens to what may be significant inconvenience and expense," court instructs Clerk to consult before issuing subpoena at request of *pro se* litigants).

### III.    Show Cause Order

Based on the foregoing, Plaintiff is ordered to show cause why he should not be required to seek leave of Court before he may serve any third party with a Fed. R. Civ. P. 45 subpoena. Plaintiff shall respond to this show cause order in a writing filed on or before July 12, 2024. In his show cause response, Plaintiff shall explain why the subpoenas to Yahoo! and American Payroll seek documents that are relevant and proportional to the claims that remain in this case and how he has complied with his duty to take "reasonable steps to avoid imposing undue burden or expense" on the entities subject to these subpoenas. See Fed. R. Civ. P. 45(d)(1). The Court further orders that Plaintiff may not represent to any third party from which or whom he seeks discovery that the FAC accurately reflects the claims in issue in this case.[6] To avoid burdening the other parties and any interested non-parties, the Court does not order them to respond to this show cause order.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 18, 2024

---

[6] For now, I do not order Plaintiff to show cause why the FAC should not be amended again to comply with the Court's order of February 16, 2024. The Warwick Defendants have answered, ECF No. 83, and discovery is proceeding towards an orderly close on November 1, 2024. The Court wishes to avoid any action to disturb this schedule.