UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU,  :
    Plaintiff,  :
  :
v.  :  C.A. No. 17-301WES
  :
KEVIN PETIT, et al.,  :
    Defendants.  :

**ORDER DENYING MOTION FOR SERVICE OF SUBPOENA BY USMS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Jason Boudreau has filed a Motion for Service of Subpoena by U.S. Marshals Service. ECF No. 127. As grounds for this motion, Plaintiff represents that persons who are no longer parties in this case and an entity that is not a party – Automatic Temperature Controls, Inc. ("ATC") and its owners – have "repeatedly and intentionally evaded service." Based on this representation, Plaintiff has asked the Court to order that a subpoena be served on them at public expense by the U.S. Marshals Service, a service he contends he is entitled to based on his in forma pauperis ("IFP") status. The Court finds that Plaintiff's representation about intentional evasion of service appears to be false, in that, far from evading service, ATC and its principals have appeared to object to the subpoena and to move to dismiss Plaintiff's improperly-reasserted-against-them complaint. Further, as will be more fully set forth in a decision that will issue on the Court's Order to Show Cause, the Court finds that Plaintiff's conduct in regards to the subpoena he seeks to have served at public expense (and related subpoenas) is an abuse of the discovery process, in that the subpoena was issued for the purpose of harassment, is burdensome and seeks documents that are largely irrelevant and disproportional to what remains in issue in this case. In addition, IFP status is not an open-ended authorization for the Court to

pay for discovery costs or to direct the U.S. Marshal to serve a civil subpoena. Boudreau v. Smith, No. 3:17-cv-589 (SRU), 2019 WL 3973997, at *10 (D. Conn. Aug. 22, 2019). Thus, the Court should not exercise its discretion to order service of a civil document subpoena by the U.S. Marshals at public expense except in special circumstances not present here, and only when the documents sought are relevant, which these are not, and the party seeking to have the subpoena served has made provision to pay the third party the costs of the production, which Plaintiff has not done. See Joia v. Jozon Enters., C.A. No. 18-365WES, 2019 U.S. Dist. LEXIS 42273, at *1-2 (D.R.I. Mar. 14, 2019). Based on the foregoing, Plaintiff's motion (ECF No. 127) for service of the ATC subpoena at public expense is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 19, 2024