UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU,<br>　　　Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 17-301WES |
| KEVIN PETIT, et al.,<br>　　　Defendants. | :<br>:<br>: | |

**ORDER DENYING MOTION TO DETERMINE SUFFICIENCY OF RESPONSE TO REQUESTS FOR ADMISSIONS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Plaintiff's Motion to Determine the Sufficiency of Defendant Petit's Responses to Plaintiff's First Request for Admissions. ECF No. 120. As the party requesting the admissions, Plaintiff bears the burden of setting forth his requests simply and directly, not vaguely or ambiguously, so as to permit a simple admit or deny without explanation, or with a qualification or explanation for clarification. Boudreau v. Smith, No. 3:17-cv-589 (SRU), 2019 WL 3973997, at *1 (D. Conn. Aug. 22, 2019). Requests for admissions are not discovery tools in the traditional sense; they are used to narrow issues for trial by contrast with interrogatories, which are for obtaining information. Hayes v. Bergus, Civil Action No. 2:13-CV-4266-SDW-SCM, 2015 WL 5666128, at *3, *6-7 (D.N.J. Sept. 24, 2015). Thus, the responding party's obligation is to provide a clear admission or denial; when the responder has done so, even if the response is allegedly inaccurate, as Plaintiff contends, it is not insufficient for that reason. Superior Sales West, Inc. v. Gonzalez, 335 F.R.D. 98, 102-03 (W.D. Tex. 2020).

Mindful of these principles, as to requests 27, 28 and 31, the motion is denied in that the Court finds that Defendant Petit's denial is a sufficient response and further finds that, in the

context of this case and mindful that these are requests to admit and not interrogatories, the Court finds that the term "personally involved" is vague and undefined so that the objection is appropriate and sustained.

As to requests 36 and 37, the motion is denied in that the Court finds that Defendant Petit's admission is a sufficient response and that his objection to the vague foundational statement requiring the assumption that Defendant Petit was "operating under" certain directives, policies, practices and customs is sustained; it appears to the Court that Plaintiff is really seeking information more appropriately covered by an interrogatory.

As to request 40, the motion is denied in that the Court finds that Defendant Petit has appropriately responded in that he denied the request while preserving his objection to a potential interpretation of the vague foundational statement about "withholding of evidence."

As to request 53, the motion is denied in that the Court finds that Defendant Petit's denial is a sufficient response and notes that Plaintiff has misinterpreted Defendant's argument in connection with the motion to dismiss, which alleged only that certain evidence was sufficient.

As to requests 64, 65 and 66, the motion is denied in that Defendant Petit's objection to making admissions regarding his settlement communications is sustained because such evidence is not admissible, Fed. R. Evid. 408(a), nor, except in special circumstances not suggested to be present here, Fed. R. Evid. 408(b), does a party's settlement position constitute a fact that is relevant to the claims or defenses. It is therefore outside the scope of discoverable information as defined by Fed. R. Civ. P. 26(b)(1).

Based on the foregoing, Plaintiff's motion to determine the sufficiency of Defendant Petit's response to his requests for admissions (ECF No. 120) is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 19, 2024