UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
| Defendants. | : | |

**ORDER DENYING MOTIONS FOR RULE 11 SANCTIONS AND FOR HEARING ON RULE 11 SANCTIONS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Jason Boudreau has moved for an award of sanctions pursuant to Fed. R. Civ. P. 11. ECF No. 145. Relatedly, he has asked the Court to convene an evidentiary hearing on his Rule 11 motion. ECF No. 149. Both motions are referred to me. For the reasons that follow, both motions are denied.[1]

The foundation for Plaintiff's Rule 11 motion is a statement in a filing by the Rhode Island State Police electronically signed by Attorney Ian Anderson:

> Plaintiff has a long history of obtaining or attempting to obtain child pornography, including a recent arrest in 2021 while he was incarcerated at the Plymouth County Correctional Facility in Massachusetts.

ECF No. 111-1 at 3. While Plaintiff cannot dispute his disturbing criminal history, which certainly confirms the accuracy of the first part of this sentence,[2] Plaintiff contends that he was

---

[1] A motion under Fed R. Civ. P. 11(c) for sanctions is non-dispositive. Rivera-Molina v. Casa La Roca, LLC, No. CV 21-1004 (SCC), 2022 WL 20399915, at *1 (D.P.R. Jan. 12, 2022).

[2] Plaintiff's offenses against children, both hands-on and through the serial consumption on-line of child pornography, are summarized in United States v. Boudreau, 58 F.4th 26, 29 (1st Cir. 2023), cert. denied, 144 S. Ct. 229 (2023). That this is a "long" history is confirmed by Plaintiff's 2012 Rhode Island state conviction for possession of child pornography (P2-2012-0841A). Plaintiff also has other convictions for crimes against children; these include second degree child molestation (K2-2010-0725A) in Rhode Island and risk of injury to a child and attempt to commit illegal sexual contact with a child (W11D-CR13-0152028-S) in Connecticut. In addition, Plaintiff's criminal history includes financial/property crimes – he has convictions for larceny over $1,500 (P2-2012-2059A), receipt of stolen goods over $1,500 and tampering with a motor vehicle (P2-2011-3383B) and uttering fraudulent checks (61-1993-03261). He also has been convicted of reckless driving (31-2012-01621).

not arrested again in 2021 while he was incarcerated at Plymouth County Correctional Facility and notes that the Court referenced this inaccurate information in the Order to Show Cause,[3] raising his concern that the Court might be improperly swayed by it.  Attorney Anderson has responded by explaining the investigation that resulted in the discovery of the document that constituted the evidentiary support for the challenged portion of the statement: he states that while working on the response to Plaintiff's serial subpoenas directed to the Rhode Island State Police, he performed a criminal background check and the National Crime Information Center returned a record that, on its face, reflects another arrest for possession of child pornography in 2021.  ECF No. 148-4.  Plaintiff counters that this record is inaccurate in that it simply reflects his 2021 transfer to Plymouth County Correctional Facility in Massachusetts while he was detained in connection with the then-pending charge of possession of child pornography (based on this Court's finding that he posed a serious risk of danger to others and the community and a serious risk of non-appearance, including that his "record of compliance with Court-ordered obligations is abysmal.").  United State v. Boudreau, 16-CR-11-JJM, ECF No. 6 at 2 (D.R.I. Dec. 30, 2015).  Despite Attorney Anderson's explanation for the challenged statement, Plaintiff asks the Court to convene a Rule 11 evidentiary hearing and to consider ordering appearances at public expense by federal officials from, *inter alia*, the Office of the United States Attorney, the Wyatt Detention Facility and the United States Marshals Service, as well as by Massachusetts officials from the Plymouth County Correctional Facility.  ECF No. 149.

      Having considered the arguments presented, the Court finds that Attorney Anderson's challenged statement does not violate his Rule 11 duty to the Court to make factual representations to the best of his knowledge, information and belief, formed after an inquiry that

---

[3] Importantly, the Court's reference in the Order to Show Cause makes clear that it was not relying on this portion of the statement as a fact, but rather as an allegation made by an attorney for a non-party.  ECF No. 116 at 1 n.1.

is reasonable under the circumstances. See Fed. R. Civ. P. 11(b). Therefore, Plaintiff's motion for Rule 11 sanctions is denied. Nevertheless, mindful of Plaintiff's representation that the record on which Attorney Anderson relied is inaccurate in that it reflects not an arrest, but a transfer, the Court will disregard the challenged statement and will proceed based on the finding that Plaintiff was not arrested for new criminal conduct in 2021. Mindful of Plaintiff's actual criminal history, the Court notes that it had placed, and will continue to place, no weight on the challenged statement. Accordingly, the Court finds that the evidentiary hearing Plaintiff seeks is unnecessary.

      Based on the foregoing analysis, Plaintiff's motions for Rule 11 sanctions and for a hearing on Rule 11 sanctions (ECF Nos. 145, 149) are DENIED. The Court does not address – one way or the other – the Rhode Island State Police's request that the Court sanction Plaintiff for frivolous and vexatious filings.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
August 19, 2024