UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION REGARDING**
**NON-PARTY LUSSIER MOTION TO DISMISS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before me for report and recommendation is the motion (ECF No. 140) of non-parties John, Donald and Steve Lussier ("the Lussiers") to dismiss Plaintiff's First Amended Complaint (ECF No. 79), filed on April 4, 2024, to the extent that it asserts claims against them. The pertinent background is set out in this Court's Order to Show Cause (ECF No. 116) and is restated here in pertinent part:

> As originally pled, this case was based on a forty-nine-page complaint consisting of 519 paragraphs and "a tangled web of factual allegations and conclusory statements" claiming that Plaintiff is the victim of a conspiracy to bring a fabricated criminal charge of embezzlement among Steve, John and Donald Lussier (the "Lussier Defendants," who are the owner/managers of Plaintiff's prior employer – Automatic Temperature Controls, Inc. ("ATC") – whose computers Plaintiff was convicted of using to view child pornography); two State Police officers and the Rhode Island State Police (the "State Defendants"); and Warwick Police Officer Kevin Petit, the City of Warwick and the Warwick Police Department (the "Warwick Defendants").

> On April 26, 2023, Plaintiff signed a voluntary dismissal with prejudice of this case as to the Lussier Defendants. On February 16, 2024, this Court issued a lengthy decision that dismissed all of Plaintiff's claims against the State Defendants . . . . As part of this ruling, the Court ordered Plaintiff to file "an amended complaint for his remaining claims that comports with [Federal] Rule [of Civil Procedure] 8's 'short and plain statement'" requirement. In contravention of this order mandating that the amended pleading must be limited

> to the "remaining claims," Plaintiff filed the First Amended Complaint ("FAC," ECF No. 79), in which he wrongly named the Lussier Defendants and asserted claims against them that he had terminated with prejudice; he also improperly named and asserted claims against the State Defendants that this Court had dismissed. . . .  Because of Plaintiff's violation of the Court's order, the State Defendants were put to the expense of filing yet another motion to dismiss.  In response, the Court again issued an order, this time clarifying that the State Defendants and all claims against them are "DISMISSED with prejudice."

ECF No. 116 at 1-3 (citations and footnote omitted) (emphasis in original).

The Lussiers' motion to dismiss relies on the Voluntary Stipulation of dismissal of them from this case with prejudice pursuant to Fed. R. Civ. P. 41(a) (ECF No. 55), which was executed by Plaintiff and filed on April 26, 2023, well over a year prior to Plaintiff's wrongful (in violation of the Court's Order of February 16, 2024)[1] reassertion of these claims in the First Amended Complaint.  Importantly, the Court accepted and relied on Plaintiff's Voluntary Stipulation to terminate the Lussiers as parties on May 3, 2023.  Further, as of this writing, the First Amended Complaint has been pending for more than five months and, other than filing it, Plaintiff has done nothing to prosecute the Lussier claims.  Thus, for example, well more than ninety days have passed and the Lussiers have not been served.  The Lussiers now ask the Court for the same relief that was afforded the State Defendants – dismissal with prejudice of Plaintiff's reassertion of the dismissed claims against them.  Alternatively, the Lussiers have attached to their motion a Settlement Agreement that Plaintiff signed.  ECF No. 140-2.[2]  This Settlement Agreement lays out the agreement that resulted in the filing of the Voluntary

---

[1] Plaintiff's defiance of the Court's Order has undermined the Court's goal of moving into the discovery phase of the case with an amended pleading that provides the Court with a short and plain statement of what is left in the case.  Instead, Plaintiff's misconduct has spawned follow-on motions, including this one, yet the Court still does not have the short, plain pleading that it ordered Plaintiff to file.  And I do not recommend that Plaintiff be ordered to try again in that his next effort will likely exacerbate the confusion.

[2] The Settlement Agreement recites that its terms are confidential, except to the extent that the Agreement is "used to enforce its provisions."  ECF No. 140-2 ¶ 27.  Based on its claim of Plaintiff's breach, ATC has appropriately filed it on the public record.  Plaintiff's motion to strike it from the public record has been denied.  ECF No. 159.

Stipulation; it reveals (and Plaintiff does not deny) that, in consideration for a financial payment, Plaintiff agreed to dismiss with prejudice all claims against the Lussiers and others (in this and other cases) and covenanted not ever to sue any of them again, as well as never to use or disclose documents containing their confidential information.  Id.  The Lussiers assert the Settlement Agreement as the contractual foundation for their motion.

While effectively conceding that the First Amended Complaint is in violation of the Court's Order of February 16, 2024, Plaintiff counters that his conduct is excusable because, since he filed the First Amended Complaint on April 4, 2024, he has not (as of yet) tried to serve the Lussiers, has not propounded party-discovery requests to them and has not sought to prosecute this case against them.  ECF No. 153 at 1-2.  Despite having filed a pleading that names the Lussiers and reasserts dismissed claims against them, Plaintiff asks the Court to deny the motion because he is not pursing these claims and there is nothing to dismiss.  Id. at 4.

I.    **Standard of Review and Applicable Law**

The Lussiers rely on Fed. R. Civ. P. 12(b)(6), which requires that a complaint must contain facts sufficient to support a claim of relief that is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Ordinarily, on such a motion to dismiss, a court may not consider documents outside of the pleadings.  Schmitt v. Bowers, Civil Action No. 23-cv-13203-ADB, 2024 WL 1540814, at *1 (D. Mass. April 9, 2024).  However, the court may take judicial notice of filings and orders on its own docket.  In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 8 n.2 (1st Cir. 1999); see Cognex Corp. v. Air Hydro Power, LLC, 651 F. Supp. 3d 322, 325 (D. Mass. 2023) (stipulation reporting dismissal with prejudice of related case may be considered in connection with pending motion to dismiss).  In that regard, it is well-established law in this Circuit that a voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a) amounts

to a complete adjudication on the merits of the dismissed claim.  Arneson v. Grebien, C.A. No. 11-190-ML, 2013 WL 2250763, at *6 (D.R.I. May 22, 2013); Gosselin v. Field, Hurley, Webb & Sullivan, 188 F. Supp. 2d 107, 109 (D. Mass. 2002).  Further, if a party's opposition to a motion to dismiss reveals that the non-movant does not intend to prosecute or effectively has abandoned the claim, the Court should grant the motion to dismiss.  See, e.g., Anzalone v. United Bank, Civil Action No. 1:21-cv-14-TFM-M, 2021 WL 4759633, at *3 (S.D. Ala. Oct. 8, 2021) (based on non-movant's response to the motion to dismiss, which states claim is abandoned, motion to dismiss is granted); Zoulas v. New York City Dep't of Educ., 400 F. Supp. 3d 25, 46-47 (S.D.N.Y. 2019) (in light of non-movant's response disclaiming any cause of action, court finds claim is expressly abandoned and grants motion to dismiss).

The Court also may dismiss a claim or a party pursuant to Fed. R. Civ. P. 41(b) if the plaintiff has failed to prosecute it.  Pladsen v. Wall, No. C.A. 07-323S, 2008 WL 4366015, at *2 (D.R.I. Sept. 16, 2008); see Fed. R. Civ. P. 41(b).  Dismissals pursuant to Fed. R. Civ. P. 41(b) are on the merits unless the dismissal order specifically states otherwise.  Id.  Thus, the failure to serve an amended complaint for months without good cause after the ninety-day period provided by Fed. R. Civ. P. 4(m) is an appropriate basis for Fed. R. Civ. P. 41(b) dismissal.  Caribbean Transp. Sys., Inc. v. Autoridad De Las Navieras De P.R., 901 F.2d 196, 197 (1st Cir. 1990) (seven-month delay in service sufficient for dismissal pursuant to Fed. R. Civ. 41(b)).  Further, the court may order Fed. R. Civ. P. 41(b) dismissal *sua sponte,* based on its inherent authority to regulate the docket.  Diaz-Colon v. Diaz, 291 F.R.D. 27, 29-30 (D.P.R. 2013).

## II.    Analysis and Recommendation

The Court can and should resolve this motion by taking judicial notice of Plaintiff's Voluntary Stipulation based on which the Court terminated this case as to the Lussiers with

prejudice.  On that basis, I recommend that the motion to dismiss these claims with prejudice be granted.  In addition, Plaintiff makes "crystal clear" that the amended complaint "does not . . . add the Lussiers as parties" and that it does not include any "active claims against" them.  ECF No. 153 at 5.  For more than five months, Plaintiff has not served the Lussiers, has not propounded any discovery to them, and has not taken any "affirmative steps to prosecute" the First Amended Complaint against them.  Id. at 1-2.  Thus, I also recommend that the Lussiers' motion to dismiss be granted because Plaintiff "expressly abandoned" any claims against them in his response to the motion to dismiss.  Zoulas, 400 F. Supp. 3d at 47.  Relatedly, pursuant to Fed. R. Civ. P. 41(b), I recommend that the Court *sua sponte* dismiss the Lussiers and all of the claims against them in the First Amended Complaint with prejudice based not only on Plaintiff's admitted failure to prosecute as of this writing but also based on his stated intent not to prosecute these claims in the future.[3]

## III.    Conclusion

Based on the foregoing, I recommend that the Court GRANT the Lussiers' motion to dismiss them and all claims against them in the First Amended Complaint with prejudice.  ECF No. 140.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to

---

[3] In light of these recommendations, the Court need not grapple with the complex issues that would be posed were the Court to consider the Settlement Agreement in connection with a motion to dismiss, including whether the Court has subject matter jurisdiction in this case to consider a claim for breach of contract.

appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297

n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2024