UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
|     Defendants. | : | |

### ORDER REGARDING SECOND SUBPOENA TO RHODE ISLAND STATE POLICE

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are the Rhode Island State Police's motion to quash and Plaintiff's motion to compel. ECF Nos. 111, 133. These motions are focused on Plaintiff's "second subpoena" to the Rhode Island State Police ("RISP"). See ECF No 133 at 1. In determining these motions, the Court has considered the flood of filings from Plaintiff (some filed well out of time) regarding his contention that RISP's response to his subpoenas, including this one, constitutes retaliation against him and reflects spoliation of exculpatory evidence, among other accusations. ECF Nos. 133, 150, 152, 161. In this Order, the Court is determining the underlying discovery dispute to keep the case moving along. The Court does not address Plaintiff's arguments based on misconduct, retaliation and spoliation, except as follows. Mindful of the totality of Plaintiff's filings in this and other cases in this Court and in the Superior Court (to which Plaintiff has referred in this case), which the Court has reviewed, the Court has found no indicia of retaliation, vexatious conduct or other misconduct by RISP or any person acting on its behalf, including the former State Defendants, in RISP's approach to discovery in this case. Nor is the Court persuaded by Plaintiff's accusation that RISP has somehow engaged in spoliation, ECF No. 150 at 7-8; Plaintiff has presented nothing permitting the inference that

RISP has destroyed or lost (as opposed to not produced) any evidence from the underlying embezzlement case.

As a threshold matter, RISP objects to the service of this subpoena because it was sent by mail instead of personal service pursuant to Fed. R. Civ. P. 45(b)(1).  ECF No. 111-1 at 1.  Without ruling that service by mail is sufficient compliance with Fed. R. Civ. P. 45,[1] the Court finds no prejudice to RISP in that it had actual notice of the subpoena and has been able timely to assert its objections.  Therefore, to the extent that there are responses to requests to which RISP does not otherwise object, the motion to quash is denied, the motion to compel is granted and RISP is ordered to respond and/or produce documents by providing copies to the parties.

RISP has objected to nine of the nineteen requests.  ECF No. 111-1.

As to requests 4 and 11, the Court finds that Plaintiff's requests are overbroad and burdensome in that they require a time-consuming search for records (that would require redaction) reflecting Warwick Officer Petit's presence at RISP headquarters for any reason during a two-year period.  Mindful that Officer Petit was a law enforcement officer who had state-wide duties, this is simply not proportional in that it is likely to yield documents, virtually all of which will be entirely irrelevant to the claims and issues in this case in they will relate to unrelated and potentially confidential law enforcement matters.  Further, Plaintiff already has the core relevant document, the transcript of Officer Petit's interview in connection with the embezzlement case at RISP headquarters; Plaintiff also has the ability to propound discovery on Officer Petit regarding his interaction with RISP about the embezzlement case.  Therefore, RISP's objection is sustained.

---

[1] Plaintiff appears to contend that, in his 2013 civil case, this Court ruled that service of subpoenas by certified mail is permissible.  The Court has scoured the record of the 2013 case; the issue was not directly addressed by the Court.

As to request 7, Plaintiff's requests are overbroad and burdensome in that they require a costly and burdensome electronic search for emails sent or received at any time over a thirteen-year period (from 2011 to the present) from or to various persons regarding Plaintiff, who has been the subject of numerous criminal prosecutions and civil cases; therefore, RISP's objection is sustained without prejudice to Plaintiff restating this request with a specific focus on what (beyond speculation) Plaintiff seeks that is relevant to the claims and defenses in this case. The Court also notes that RISP's privilege objection is not overruled. To the extent that Plaintiff issues a new subpoena with a proportional request targeted on relevant records that is appropriately served, RISP shall respond and include a privilege log as to any documents withheld on grounds of any applicable privilege.

As to request 8, to the extent that Plaintiff is seeking only such documents as are sufficient to show when Warwick Police Officer Petit "forwarded the embezzlement complaint to the RISP Financial Crimes Unit," as well as the seventy-five pages of material Plaintiff represents are in RISP's possession (based on its response to a public records request) that he contends pertain directly to the embezzlement claim, ECF No. 133 at 7, the Court finds that the requested material is arguably relevant and not overly burdensome to produce. The Court orders that RISP must review this material and produce such documents as are sufficient to show the timing of Warwick Police Officer Petit's action in "forward[ing] the embezzlement complaint to the RISP Financial Crimes Unit," and documents from the seventy-five-page set as are relevant to the claims and defenses in this case. If any privilege is asserted, RISP must provide Plaintiff with a log listing documents withheld on grounds of privilege. RISP is not ordered to perform computer searches of devices known to contain child pornography; to that extent, its objection to this request is sustained. If this request, as narrowed by this Order, still covers any document

3

that contains child pornography, the motion to quash as to such material is granted and the motion to compel such material is denied. RISP's response should indicate what material is withheld on that ground.

As to request 9, the Court disregards Plaintiff's Rule 11 objection because it has been addressed in the Court's ruling on his motion for Rule 11 sanctions. See ECF No. 160. On the merits, this request appears to require RISP to engage, at public expense, an electronic records expert to extract certain files that Warwick Officer Petit searched for in connection with the child pornography case, which is irrelevant to what is in issue in this case. Therefore, RISP's objection is sustained.

As to request 14, Plaintiff's objection asserts that RISP is willing to produce the documents he is seeking (documents sufficient to show the names of officers in the Financial Crimes Unit during a limited period); therefore, there is no need for the Court to issue any further Order. See ECF No. 133 at 12-13.

As to requests 15 and 16, these requests are disproportional, burdensome and overbroad in that they require RISP to search for and produce law enforcement records (including privileged and confidential information) over a thirteen-year period pertaining to police work involving Warwick Officer Petit, most of which will be entirely irrelevant to what is in issue in this case. RISP's objection is therefore sustained.

Last, RISP's objection to request 19 is sustained because the request is based on a misunderstanding of the holding of the Rhode Island Superior Court in the referenced decision.

Based on the foregoing, the Court orders that these motions (ECF Nos. 111 and 133) are granted in part and denied in part. To the extent that this Order requires production or further

responses to the subpoena, RISP shall comply within thirty days hereof.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2024