UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
|     Defendants. | : | |

### ORDER REGARDING FIRST SUBPOENA TO RHODE ISLAND ATTORNEY GENERAL

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Plaintiff's motion to compel further responses from the Rhode Island Attorney General ("RIAG") to his First Subpoena. ECF No. 126. Non-party RIAG timely responded to Plaintiff's subpoena by producing all responsive documents in its custody and control. See ECF No. 139. To that extent, the motion to compel must be denied.

In its opposition to the motion, RIAG represented that, despite a diligent search, it has been unable to locate a "thumb drive" that it is aware was once in its custody and control. The "thumb drive" has relevant documents in that it had been provided as the criminal discovery turned over in October 2015 to the attorney (John Cotoia), ECF No. 126-1 at 2-3, who represented Plaintiff in the now-dismissed state criminal embezzlement case (P2-2015-0095A), which is the foundation for Plaintiff's allegation that Warwick Police Officer Kevin Petit fabricated false inculpatory evidence and suppressed exculpatory evidence. ECF No. 139 at 2-3. On reply, Plaintiff argues that the loss of the "thumb drive" means that RIAG, a non-party, has committed actionable spoliation. ECF No. 150 at 7. Plaintiff asks the Court to convene a hearing regarding whether this case should be expanded to add claims of destruction/spoliation of evidence against RIAG. Without explaining why, Plaintiff also seeks to convene a spoliation

hearing targeted at the Rhode Island State Police and the dismissed-with-prejudice State Defendants. Id. at 7-8.

In assessing Plaintiff's arguments based on his allegation of spoliation by RIAG, the Court is mindful that Plaintiff has represented in other filings that Attorney Cotoia provided this "thumb drive" directly to Plaintiff and that Plaintiff was in possession of it while he was detained by the federal court at the Wyatt Detention Facility facing unrelated federal child pornography charges. Plaintiff has further represented that Plaintiff was still in possession of the "thumb drive" until he was transferred to the Bureau of Prisons presumably in 2021. See ECF No. 150 at 2-3. Thus, it is plain that Plaintiff himself was in physical possession of the "thumb drive" after this case was pending and after Plaintiff clearly was under a duty to preserve this evidence. See United States v. Rinaldi, 3:18-CR-279, 2020 WL 3288173, at *17 & n.12 (M.D. Pa. June 18, 2020) (although detained, *pro se* criminal defendant had duty to preserve evidence); Calderon v. Corporacion Puertorriquena de Salud, 992 F. Supp. 2d 48, 52 (D.P.R. 2014) (plaintiff's duty to preserve relevant evidence begins when he reasonably foresees litigation; failure to preserve such evidence constitutes spoliation). Further, in addition to Plaintiff himself, who has long been in possession of the precise documents he accuses RIAG of losing, the Rhode Island State Police has represented to the Court that it remains in physical possession of a hard drive with 500 gigabytes of data. See ECF No. 131.

When the Court considers that Plaintiff is accusing RIAG, which is not a party, of spoliating evidence that he himself had been in possession of for years, may still have and has repeatedly marshaled in this and other cases (including in the underlying embezzlement case), the Court becomes concerned that this may be a situation where Plaintiff is well aware of what was on the "thumb drive" that RIAG cannot locate. See generally Rinaldi, 2020 WL 3288173, at

\*17 ("[t]o now claim that evidence . . . was lost due to a delay in trial creates a convenient, but ultimately manufactured and contrived, complaint").  At bottom, the Court finds that these issues and concerns are too complex for the Court to launch an evidentiary hearing based solely on Plaintiff's reply to the pending motion to compel.  Therefore, the Court declines to protract the proceeding on the motion to compel based on this allegation of spoliation or by convening the spoliation hearing that Plaintiff requests.

Based on the foregoing, Plaintiff's motion to compel further responses from the Rhode Island Attorney General ("RIAG") to his First Subpoena (ECF No. 126) is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2024