UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
|     Defendants. | : | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion (ECF No. 164) filed by *pro se*[1] Plaintiff Jason Boudreau for reconsideration of this Court's order denying his motion (ECF No. 157) for service of a subpoena directed to American Temperature Controls, Inc. ("ATC") at public expense using the scarce resources of the United States Marshals Service. "[T]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019) (quoting

---

[1] While Plaintiff is *pro se*, the Court finds that he is a sophisticated and highly experienced civil litigant, well able to draft and file effective written arguments, both as to the facts and the law. This finding has impacted the degree to which the Court has deployed the usual leniency in considering his filings. See Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) (*pro se* litigant not entitled to special treatment where court found litigant was "sophisticated" businessman); IncredibleBank v. Provocative, C.A. No. 22-cv-445-JJM-PAS, 2024 WL 36059, at *3 (D.R.I. Jan. 3, 2024) (when *pro se* litigant "is clearly far more sophisticated than the typical *pro se* litigant . . . indulgence usual for the filings of *pro se* litigants is not appropriate"); Laccinole v. Int'l Union of Police Associations AFL-CIO, 638 F. Supp. 3d 110, 113 (D.R.I. 2022), appeal dismissed, No. 22-1912, 2023 WL 3719620 (1st Cir. May 9, 2023) (*pro se* leniency muted because plaintiff is a very sophisticated *pro se* litigant, having filed hundreds of lawsuits over eight years). Nevertheless, the Court has kept Plaintiff's *pro se* status and his limitations due to his incarceration well in mind and afforded him leniency as appropriate in considering his filings.

Bowling, 2008 WL 169693, at *1), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.

Plaintiff's motion points to no misapprehension of material fact or point of law in the Court's original decision. Nor has Plaintiff demonstrated that the Court committed a "manifest error of law." Silva, 2019 WL 2501887, at *1. Rather, he rehashes his argument that the documents he seeks from ATC are still relevant even though all claims against ATC's principals have been settled and are no longer in issue in this case. Regarding relevancy, Plaintiff's motion for reconsideration relies on the new argument that the only documents sought from ATC are those the Rhode Island Attorney General deemed relevant to the embezzlement case and produced to Plaintiff in criminal discovery in 2015.[2] ECF No. 164 at 2. Plaintiff contends that he needs them to be subpoenaed from ATC because the Rhode Island Attorney General "destroyed" them. Id. While the Court agrees that the documents produced to Plaintiff in the embezzlement case are unquestionably relevant in this case and the record establishes that the Rhode Island Attorney General recently was unable to locate a thumb drive containing the "same documents" that Plaintiff now claims is all that he is seeking via the ATC subpoena, ECF No. 164 at 2, the record also establishes that <u>this thumb drive had previously been delivered to Plaintiff who was in possession of it from 2016 at least presumably through 2021</u>. ECF No. 150 at 2-3. Thus, Plaintiff is seeking the deployment of public money to reacquire documents that he himself possessed but apparently failed to preserve. As in his original motion, Plaintiff fails to

---

[2] The Court notes that this is a very different portrayal of what Plaintiff was seeking from ATC in that the ATC subpoena appeared to be far broader (seeking material that appeared to be largely irrelevant) than what Plaintiff now argues he is looking for.

explain why it is appropriate for the taxpayers to bear the expense of serving ATC in these circumstances.  The Court also notes that, since the original filing of Plaintiff's motion asking for service at public expense, in other proceedings in this case, the Court has learned that Plaintiff settled all of his claims against ATC and its principals for monetary consideration, making the use of public money and scarce public resources to support his ongoing pursuit of ATC even more inappropriate.

For these reasons, Plaintiff's motion for reconsideration is unavailing because he has failed to present enough to merit what is "an extraordinary remedy which should be used sparingly."  Bowling, 2008 WL 169693, at *1 (internal quotation marks omitted).  Accordingly, Plaintiff's motion for reconsideration, ECF No. 164, is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 24, 2024