UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
| Defendants. | : | |

## ORDER REGARDING FIRST SUBPOENA TO RHODE ISLAND STATE POLICE

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are Plaintiff's motions to compel the Rhode Island State Police ("RISP") to comply with his "first subpoena." ECF Nos. 121, 129. Plaintiff represents that he chose to "serve[]" this "subpoena" by mail[1] rather than by delivery in person as required by Fed. R. Civ. P. 45(b)(1). ECF No. 129 at 1. In this instance, the result is confusion in that RISP understood that Plaintiff had sent a Public Records request to which it has responded; it did not understand that it had been served with a subpoena. See ECF Nos. 130, 130-1. Further, Plaintiff has filed two motions to compel but has not provided the Court with a copy of any duly issued subpoena nor was any subpoena filed as required by the Court's April 30, 2024, protocol. Thus, the Court finds that Plaintiff not only failed to comply with Fed. R. Civ. P. 45(b)(1)'s requirement of personal service, as well as the April 30, 2024, protocol, but also has failed to provide "effective notice," which is required by the cases Plaintiff cites in arguing that the Court should be flexible in applying the personal service requirement. See Bland v. Fairfax County,

---

[1] Plaintiff appears to contend that, in his 2013 civil case, this Court ruled that service of subpoenas by certified mail is permissible. The Court has scoured the record of the 2013 case; the issue was not directly addressed by the Court.

Virginia, 275 F.R.D. 466, 468 (E.D. Va. 2011) (internal quotation marks omitted).  Further, the Court notes that the documents identified in the public records response that RISP provided were the focus of Plaintiff's second subpoena to RISP, as to which the Court has granted in part and denied in part Plaintiff's motion to compel.  Thus, it would appear likely that these motions to compel a further response to the "first subpoena" are now moot.

      Based on the foregoing, Plaintiff's motions (ECF Nos. 121, 129) are denied without prejudice.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
September 24, 2024