UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU, :
    Plaintiff, :
:
v. : C.A. No. 17-301WES
:
KEVIN PETIT, et al., :
    Defendants. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Having been granted *in forma pauperis* ("IFP") status by the Rhode Island Superior Court prior to the removal of this case,[1] Plaintiff Jason Boudreau, a prisoner proceeding *pro se* in this case brought pursuant to 42 U.S.C. § 1983, has filed a motion for the appointment of counsel. ECF No. 165-1. No objection has been filed to the motion. It has been referred to me for determination. See 28 U.S.C. § 636(b)(1)(A); DRI LR Cv 72(a).

**I.    Applicable Law and Analysis**

The law does not create an absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In addition to establishing indigency, a civil litigant seeking the appointment of *pro bono* counsel must also sustain the burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." Id. at 23. In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24. In exercising its discretion to appoint a *pro bono* attorney, the Court must also be mindful that "volunteer lawyer time is a precious commodity." Lockett v. Derose, Civil

---

[1] See ECF Nos. 1; 6 at 44.

No. 3:CV-08-1643, 2009 WL 1917071, at *1 (M.D. Pa. July 1, 2009) (internal quotation marks omitted).

Plaintiff's motion for counsel stumbles at the first DesRosiers factor – the merits of the case. Having carefully reviewed Plaintiff's plethora of filings in this Court, as well as many in the Superior Court – thus, the "total situation," DesRosiers, 949 F.2d at 24 – with the leniency required for all *pro se* litigants including Plaintiff,[2] I find that Plaintiff's claims against the remaining Defendants (Warwick Police Officer Petit and the City of Warwick) rest almost entirely on conclusory allegations that survived the Fed. R. Civ. P. 12(b)(6) motion to dismiss only because the pleading contains two specific allegations, both of which appear to be undisputed. These are: first, that Defendant Petit "met with [a principal of the alleged victim of embezzlement] to discuss the embezzlement issue within two weeks of Boudreau's service of the 2013 Lawsuit" on both of them, thus raising temporal proximity and permitting the inference of motivation to retaliate, which the Court found to be sufficient at the pleading phase; and, second, that Defendant Petit "did not serve as a police officer in [the alleged victim's] municipality, did not serve in the State Police's Financial Crime Unit, and had never previously engaged in an embezzlement investigation for the State Police," permitting the inference sufficient at the pleading phase that Defendant Petit's speaking with the alleged victim about embezzlement was suspicious because it was not in the course of his assigned duties. Boudreau v. Petit, C.A. No. 17-301 WES, 2024 WL 665546, at *11-17 (D.R.I. Feb. 16, 2024). Otherwise, Plaintiff's amended complaint and his many filings in this case and in related cases (including the now-dismissed criminal embezzlement case that was pending in the Superior Court) are almost entirely devoid of any concrete allegation of any actual conduct or omission committed by

---

[2] See Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4279522, at *1 n.1 (D.R.I. Sept. 24, 2024).

2

Defendant Petit that might be actionable. Thus, as the federal court in Connecticut found when considering Plaintiff's motion for *pro bono* counsel in a civil case that he filed there, this is the paradigmatic circumstance where a claim that survived a Fed. R. Civ. P. 12(b)(6) motion nevertheless lacks sufficient merit to justify appointment of *pro bono* counsel. Boudreau v. Smith, 3:17-cv-00589-SRU, ECF No. 102 at 22 (D. Conn. Aug. 22, 2019) (Underhill, C.J.) (in denying Boudreau's motion for *pro bono* counsel, court holds that fact that court permitted excessive force claim to proceed does not mean that claim is "sufficiently meritorious to warrant the appointment of *pro bono* counsel"). Based on the foregoing, I do not find that Plaintiff's claim has sufficient merit to establish that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23.

Plaintiff's motion for counsel also fails due to Plaintiff's clearly-established ability to continue to litigate this case on his own. Plaintiff's filings in this Court have consistently been clear and coherent, including citation to legal authorities; Plaintiff's extensive experience in filing and litigating other civil cases in this Court and in other courts confirms this finding. Thus, at least until trial, I find that Plaintiff is more than capable of continuing to prosecute this case *pro se*. See Briggs v. Amado, C.A. No. 22-31WES, 2024 WL 866875, at *3 (D.R.I. Feb. 29, 2024). This finding includes the taking of depositions, which Plaintiff has demonstrated in other civil cases he is capable of doing.

In sum, as of now, Plaintiff has failed to establish either that his case has merit sufficient to justify a finding of exceptional circumstances or that he is not fully capable of continuing (at least until trial) to litigate the case *pro se*. Therefore, I find that the denial of counsel will not

result in fundamental unfairness impinging on his due process rights.  See Buzon v. Forgue, C.A. No. 19-212WES, 2019 WL 2474123, at *2 (D.R.I. June 13, 2019).

**II.     Conclusion**

Based on the foregoing, Plaintiff's motion to appoint counsel (ECF No. 165) is DENIED without prejudice to being refiled if the case is reached for trial.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 3, 2024