UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
|     Defendants. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DETERMINE SUFFICIENCY OF WARWICK POLICE DEPARTMENT'S RESPONSE TO REQUESTS FOR ADMISSIONS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is *pro se*[1] Plaintiff Jason Boudreau's Motion to Determine the Sufficiency of the Responses of Defendant Warwick Police Department ("WPD") to Plaintiff's First Request for Admissions.  ECF No. 168.

**I.       Background – Relevance and Proportionality Based on Claims in Issue**

Mindful that Fed. R. Civ. P. 26(b)(1) cabins all discovery in civil litigation based on relevancy to the claims and defenses in issue, as well as based on proportionality to the needs of the case, as a threshold matter, the Court has examined the scope of Plaintiff's claims against WPD (as distinguished from the claims against Officer Petit) in Plaintiff's First Amended Complaint.  See ECF No. 79; see Boudreau v. Petit, C.A. No. 17-301 WES, 2024 WL 665546, at *11-17 (D.R.I. Feb. 16, 2024) (defines scope of claims).  The claims are set forth in Counts 3, 6, 8, and 9.

---

[1] The Court has afforded Plaintiff such leniency as is appropriate in his circumstances as noted in other decisions issued in this case.  E.g., Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4279522, at *1 n.1 (D.R.I. Sept. 24, 2024).

Count 3 somewhat vaguely accuses WPD and Officer Petit of denying Plaintiff his right to a fair trial. See ECF No. 79; see Boudreau, 2024 WL 665546, at *14 & n.11 (noting that amended pleading may yet address potential deficiency in claim of denial of right to fair trial by identifying what deprivation of liberty Plaintiff may have suffered). In Count 6, Plaintiff sues WPD for state law defamation and libel through the publication of allegedly false information between July 30, 2013, and June 11, 2014, based on the allegation that Officer Petit passed on Plaintiff's employer's allegedly false and defamatory statements of July 30, 2013, to the State, leading to Plaintiff's embezzlement prosecution, which was publicly reported by the Providence Journal on June 11, 2014. Counts 3 and 6 do not appear to be implicated by the discovery that Plaintiff seeks by filing this motion. Thus, in considering relevancy and proportionality, the Court's focus is on Counts 8 and 9, which are foundational to the requests to admit directed to WPD that are the subject of this motion.

Count 8 sets out a state law claim in which Plaintiff alleges that, on or prior to July 30, 2013, WPD knew that Officer Petit was "prone to violate the civil rights of citizens," ECF No. 79 ¶ 169, yet negligently employed him and allowed him to be assigned to duties that brought him into contact with the public, including Plaintiff, which contact resulted in the fabrication of false evidence and suppression of exculpatory evidence and led to Plaintiff's allegedly wrongful arrest and prosecution for embezzlement on June 11, 2014. Count 8 also alleges that, between July 30, 2013, and May 1, 2017, WPD negligently failed to investigate Plaintiff's "complaint" against Officer Petit and failed to discipline him for the conduct alleged by Plaintiff. ECF No. 79 ¶ 170. Count 8 thus renders relevant WPD's knowledge (or reckless disregard), prior to the period ending on June 11, 2014, of Officer Petit's alleged pattern of conduct in violating the civil rights of citizens by fabricating probable cause and concealing exculpatory evidence.

Count 9 is the principal claim against WPD on which the requests in issue are based. Count 9 is a Monell[2] claim based on 42 U.S.C. § 1983. It alleges that, on and prior to June 11, 2014 (when Plaintiff was arrested by the State Police for embezzlement), WPD had a policy, custom and/or practice of failing to train and supervise Officer Petit, and that this policy/custom/practice is causally linked to Officer Petit's retaliatory conduct in depriving Plaintiff of his constitutional rights by fabricating probable cause, concealing evidence and engaging in unspecified police misconduct, which harmed Plaintiff leading to the State's prosecution of him for embezzlement. ECF No. 79 ¶¶ 172-186. Count 9 also references WPD's alleged failure to investigate Plaintiff's "formal complaint" against Officer Petit regarding events prior to July 30, 2013. Id. ¶¶ 176-77.

For discovery purposes, Count 9 renders relevant evidence of WPD's inadequate training and supervision of Officer Petit during the period ending on June 11, 2014, pursuant to an official municipal policy or a custom so widespread that official municipal policymakers had actual or constructive knowledge of it. Doe v. City of Northampton, Civil Action No. 23-10358-MGM, 2024 WL 3257062, at *3 (D. Mass. July 1, 2024). Such discovery should be narrowly tailored to focus on the specific conduct alleged to have resulted in the constitutional deprivation that harmed the claimant. See, e.g., Abdisamad v. City of Lewiston, 960 F.3d 56, 61 (1st Cir. 2020) (claim against municipality must rest on evidence that individual defendant's actions "were consistent with [municipal] policy or custom"); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 32 n.24 (1st Cir. 2005) (appropriate to deny as irrelevant discovery seeking all records regarding police misidentification and off-duty police conduct in case

---

[2] See Mazza v. City of Boston, Civil Action No. 24-10333-NMG, 2024 WL 4505328, at *3-4 (D. Mass. Oct. 15, 2024) (citing and explicating Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978)).

alleging plaintiff was shot by off-duty officer based on race); Huffman v. City of Bos., Civil Action No. 21-10986-ADB, 2023 WL 8720082, at *2 (D. Mass. Dec. 18, 2023) (if City has practice of ensuring that all officers agree on same story to protect each other from accountability for misconduct, only information relating to meetings during which such communications occurred is relevant), objections overruled, 2024 WL 733282 (D. Mass. Feb. 22, 2024). Thus, Monell discovery may appropriately be limited by relevancy and proportionality to information learned based on reasonable inquiry of senior officers and review of available records regarding investigations pertinent to the specific claim. Costa v. Rasch, C.A. No. 11-336L, 2013 WL 12333469, at *4-6 (D.R.I. Apr. 25, 2013) (discovery limited to use of excessive force to deter onlookers from criticizing police conduct and training on how to deal with persons criticizing police conduct). Monell discovery should be time-limited to a reasonable period preceding the incident in issue. See, e.g., McEvoy v. Hillsborough Cnty., Civ. No. 09-cv-431-SM, 2011 WL 1813014, at *10 (D.N.H. May 5, 2011) (Monell discovery limited to specific instances of treatment for drug detoxification over period of one year prior to incident). And if Monell discovery requests are "sweeping [in] breadth," with only a possibility that they might encompass relevant material, the court's simple denial of a motion to compel is justified. Young, 404 F.3d at 32 n.24.

II.     **Applicable Law and Analysis**

As the party requesting the admissions, Plaintiff bears the burden of setting forth his requests simply and directly, not vaguely or ambiguously, so as to permit a simple admit or deny without explanation, or with a qualification or explanation for clarification. Boudreau v. Smith, Case No. 3:17-cv-589 (SRU), 2019 WL 3973997, at *1 (D. Conn. Aug. 22, 2019). Requests for admissions are not discovery tools in the traditional sense in that they are used to narrow issues

for trial, in contrast to interrogatories, which are for obtaining information. Hayes v. Bergus, Civil Action No. 2:13-CV-4266-SDW-SCM, 2015 WL 5666128, at *3, *6-7 (D.N.J. Sept. 24, 2015); see Gusakovs v. Johnson & Johnson, Civil Action No. 1:17-11502-DJC, 2023 WL 7496509, at *4 (D. Mass. Nov. 13, 2023). Thus, the responding party's obligation is to provide a clear admission or denial; when the responder has done so, even if the response is allegedly inaccurate, as Plaintiff contends, it is not insufficient for that reason. See Superior Sales West, Inc. v. Gonzalez, 335 F.R.D. 98, 102-03 (W.D. Tex. 2020). If requests refer to vague, ambiguous and/or undefined terms, making it impossible for the responding party to provide a response, the responding party is permitted to respond with objections, although the party must still answer the requests based on its understanding of the facts. DuFresne v. Microsoft Corp., C.A. No: 02-11778-RCL, 2005 U.S. Dist. LEXIS 43214, *3 (D. Mass. Feb. 11, 2005). In that event, the party must qualify its answer in order to provide accurate responses and to avoid ambiguity. Id. at *4.

  Mindful of these principles, as to Request 4, the Court denies the motion in that the Court finds that WPD's denial is a sufficient response. The Court further finds, in the context of this case and in light of the reality that these are requests to admit and not interrogatories, that the phrase "investigated Kevin Petit regarding Plaintiff's allegations" is vague and confusing particularly because it focuses on the "allegations" in the 2013 lawsuit, in which Plaintiff raised a plethora of allegations against both the City of Warwick and Officer Petit. ECF No. 168 at 2. Both mounted a vigorous and ultimately successful defense over the more than five-year period that the lawsuit was pending before it ended on appeal with no finding of any wrongdoing by either the City of Warwick or Officer Petit. Boudreau v. Lussier, C.A. No. 13-388 S, 2015 WL 7720503, at *4-5 (D.R.I. Nov. 30, 2015) (granting summary judgment in favor of all Warwick

5

defendants based on lack of any evidence of Fourth Amendment violations or other actionable misconduct), aff'd, 901 F.3d 65 (1st Cir. 2018). Therefore, WPD's objection to an interpretation of Request 4 that encompasses work done in defense of these 2013 claims, leaving only whether an investigation was performed independent of the 2013 lawsuit (which WPD clearly denies), is appropriate and is sustained.

As to Requests 6-11, 14, 20-21, 26-27, 34-36, 38, 45-52, the motion is denied in that Plaintiff is asking for an across-the-board ruling that strikes all of WPD's objections based on his argument that these objections are contrary to *per se* legal principles applicable to Fed. R. Civ. P. 36. Plaintiff requests this sweeping relief without providing the Court with the content of the specific requests (except for those discussed below). ECF No. 168 at 3. Because objecting and also responding with a specific admission or denial does not transgress any *per se* holding or applicable Rule, these objections are sustained. See DuFresne, 2005 U.S. Dist. LEXIS 43214, at *3.

As to Requests 20 and 21, the motion is denied in that the Court finds that WPD has appropriately objected to the form of the request, which embeds an assumed fact – that Officer Petit taking witness statements on July 30 and August 1, 2013, as well as the State having listed Officer Petit as "an investigative witness," amounts to Officer Petit "investigating Plaintiff for the Rhode Island State Police" – that WPD denies. ECF No. 168 at 3. Thus, the denial of the substance of these requests, subject to such objection, constitutes a complete and appropriate response.

With regard to Request 36, WPD's denial of Plaintiff's confusing[3] request was adjusted in the face of Plaintiff's motion, which points out that there was a 2014 lawsuit – Shackelford v.

---

[3] Plaintiff's reference to "litigation" in Request 36 (ECF No. 168 at 4) is so confusing (due to a typographical and/or grammatical error) that it reasonably resulted in WPD's interpretation that litigation against WPD was not covered

Major, C.A. No. 14-316M – in which an individual claimed that a Warwick police officer (not Officer Petit) relied on a vacated warrant (due to the error of the State not WPD) and committed false imprisonment, selective enforcement/prosecution and malicious prosecution. Shackelford v. Major, C.A. No. 14-316M, 2015 U.S. Dist. LEXIS 144520, at *11-17 (D.R.I. October 21, 2015) (claims lacking in merit; summary judgment entered in favor of Warwick and police officer). Faced with Shackleford, as to Request 36, WPD now admits the request subject to its appropriate objection to the overbroad time period, which is sustained. ECF No. 183 at 5-6. Based on WPD's alteration of its response, Plaintiff's motion as to Request 36 is denied.

With regard to Request 38, the Court finds that it is so hopelessly overbroad as to be essentially meaningless, in that it asks WPD to admit or deny whether there has ever been a case filed in state court over the sixteen years from 2008 to the present alleging any "misconduct of any kind" (whatever that means) by WPD or its officers. See Costa, 2013 WL 12333469, at *5 (as to publicly available state court filings, court declines to order defendant to respond to Monell discovery). Request 38 makes no attempt to focus on the specific conduct alleged to have harmed Plaintiff, as the cases in this Circuit clearly require. See Young, 404 F.3d at 32 n.24; Huffman, 2023 WL 8720082, at *2; Costa, 2013 WL 12333469, at *4-6. Thus, the Court finds that WPD's denial based on its explanation of its interpretation of the scope of the request is sufficient.[4]

---

by the request. After reviewing Plaintiff's clarification in his motion, WPD shifted its response from denial to admission. The Court disregards Plaintiff's criticism of WPD for this approach, which was caused by his error.

[4] On reply regarding Request 38, Plaintiff claims that WPD "blatantly lied" and points to Wheeler v. Nelson, C.A. No. 18-cv-687-MSM, as an additional basis for challenging the sufficiency of WPD's responses. ECF No. 190 at 5. Wheeler is an employment case originally filed in state court and removed to federal court; it was brought by a former WPD employee who alleged retaliatory discharge due to whistleblowing. Wheeler, C.A. No. 18-cv-687-MSM, ECF No. 1-1. Wheeler did not involve claims of fabricating probable cause or police retaliation against the public. Following trial, Warwick was exonerated in that the jury found that the discharge from employment of the plaintiff was not causally linked to whistleblowing. Id. at ECF No. 30. Wheeler does not impact the Court's ruling on Request 38, nor does it establish that WPD "blatantly lied."

That leaves Request 37. Unlike the other <u>Monell</u> Requests, Request 37 is topically focused on incidents of falsification of documents and warrant applications, although it remains extremely overbroad in seeking such incidents for a largely irrelevant time period and sweepingly covers incidents when "any individual . . . has accused any Warwick Police officer." ECF No. 168 at 5. WPD's response is confusing in that WPD advises that, pursuant to its retention policy, its records of disciplinary actions against Warwick police officers other than Officer Petit have not been retained for the period prior to 2014 so that its denial applies to the period from 2014 to the present, most of which is not relevant. See ECF Nos. 168 at 5, 183 at 4-5. Yet, as to Officer Petit, WPD advises that his "disciplinary file" has been retained, potentially permitting a response based on its content for the relevant period with a lookback from July 30, 2013, ending on June 11, 2014. ECF No. 183 at 4-5. Finding that WPD's responses were made in good faith and that its overbreadth objection is sustained, but also mindful of the leniency due to Plaintiff as a *pro se* litigant, the Court directs WPD to supplement its response to Request 37 by making reasonable inquiry of appropriate senior officials and performing a reasonable examination of such records as are now available (including Officer Petit's disciplinary file) for the period from July 1, 2012, through June 11, 2014, and admitting or denying whether for that period it was then aware of an allegation (other than one made by Plaintiff) found to have merit that a Warwick Police Officer engaged in intentional conduct that amounted to falsification of documents and warrant applications. To the extent that such an incident exists of which WPD was aware, requiring admission, but WPD believes that the incident is not relevant, WPD may cabin the admission with an explanation.

### III. Conclusion

Based on the foregoing, Plaintiff's motion to determine the sufficiency of Defendant Warwick Police Department's responses to his requests for admissions (ECF No. 168) is GRANTED in part and DENIED in part.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 13, 2024