UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JASON BOUDREAU, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-301WES |
| | : | |
| KEVIN PETIT, et al., | : | |
| Defendants. | : | |

**ORDER DENYING RECONSIDERATION OF ORDER REGARDING FIRST SUBPOENA TO RHODE ISLAND ATTORNEY GENERAL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is Plaintiff's motion (ECF No. 191) for reconsideration of the Order Regarding First Subpoena to Rhode Island Attorney General. ECF No. 172 (hereinafter, "Order"). This motion implicates only a non-party – the Office of the Rhode Island Attorney General ("RIAG"). As grounds, Plaintiff argues that the Court misapprehended a material fact regarding Plaintiff's possession of a thumb drive while he was detained at the Wyatt Detention Facility ("Wyatt") by including in the Order the finding that "Plaintiff himself was in physical possession of the 'thumb drive' after this case was pending and after Plaintiff clearly was under a duty to preserve this evidence." Id. at 2. Thus, while Plaintiff concedes that his attorney received the thumb drive in 2015 and that Plaintiff himself was given a physical copy of the thumb drive in 2016 while he was detained at the Wyatt, he now argues that, due to the rules of the Wyatt, he was allowed to view the information on the thumb drive with permission, but that, when he was not viewing it, he was not allowed to have physical possession of it. ECF No. 191 at 1-2; see also ECF No. 150 at 1-3. Rather, it was maintained for him in the "physical[] possess[ion]" of Wyatt staff. ECF No. 191 at 2. Plaintiff contends that the Court's

decision was based on its misconception that Plaintiff physically possessed and physically controlled the thumb drive to a greater degree than he actually did. Id. at 2.

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Allstate Ins. Co. v. Fougere, 79 F.4th 172, 197 (1st Cir. 2023) (alteration in original). "[T]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (internal quotation marks omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case." Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019) (internal quotation marks omitted), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

The first problem with Plaintiff's motion is that it appears to seek relief only regarding an issue that was collateral to the Court's ruling. The Court denied Plaintiff's motion to compel because non-party RIAG had timely responded to Plaintiff's subpoena by producing all responsive documents in its custody and control. ECF No. 172 at 1. The motion for reconsideration does not pertain to that ruling. It relates solely to Plaintiff's desire to launch a full-throated spoliation evidentiary hearing focused on RIAG's inability to locate its copy of the thumb drive that it had produced to Plaintiff in 2015. As the Court explained in the Order, Plaintiff's spoliation concern was mentioned in a reply brief; it was not properly raised in a motion as required by DRI Lr Cv 7(a)(1) ("A request for a court order must be made by

2

motion."). Accordingly, the Court declined to proceed. Plaintiff has not presented any basis for reconsideration of that ruling.

Second, Plaintiff's motion for reconsideration fails because Plaintiff's claim that he lacked "physical[] possess[ion]" of the thumb drive is not new information in that it is information known to him that he failed to bring to the Court's attention during briefing on the original motion. ECF No. 191 at 2. Reconsideration does not "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the court's original ruling]." Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 31 (1st Cir. 2012) (internal quotation marks omitted); Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (reconsideration motions "are not vehicles for pressing arguments which could have been asserted earlier"), appeal dismissed, No. 12-1763 (1st Cir. July 11, 2012). Because Plaintiff could have presented this fact but failed to do so, his motion for reconsideration is denied.

Third, Plaintiff's motion for reconsideration fails because the supposedly new information – the limit imposed by the Wyatt on Plaintiff's physical possession of the thumb drive – does not impact the Court's concern about the inappropriateness of a spoliation proceeding in this civil case. Plaintiff has focused on the conduct of RIAG, which is not a party, presumably as a foundation for sanctions adversely impacting Defendants (Officer Petit and Warwick), who are parties, despite the reality that it is <u>Plaintiff who is the party with the duty to preserve all relevant documents, including those on the thumb drive he now concedes he had access to while detained at the Wyatt</u>. Put differently, whether Plaintiff "possessed" the thumb drive by keeping it in his cell, or "possessed" it by Wyatt officials keeping it for him while he

3

had the ability to access it, would have made no difference.[1]  Thus, if this fact had been highlighted by Plaintiff during briefing on the original motion, it would not have altered the Court's ruling on this collateral issue.

Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 191) is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 14, 2024

---

[1] For purposes of this motion for reconsideration, the Court does not consider the troubling fact that Plaintiff has made inconsistent representations in filings in other courts regarding his physical possession during detention at the Wyatt of storage drives, other electronically stored materials and exculpatory documents.  For example, in December 2019, Plaintiff represented to the Rhode Island Superior Court in a filing he made in the then still-pending criminal embezzlement case regarding his possession of a drive given to him by his former attorney:

> During the Defendant's incarceration, he has received CD's and a USB flash drive from his former counsel. . . . <u>After logging the materials, the Wyatt facility gave the Defendant the CDs and USB drives</u>.  On December 3, 2019, the Wyatt facility . . . confiscated the Defendant's digital documents and evidence that were contained on a USB flash drive. . . . The <u>Defendant has possessed the USB drive for nearly two years</u>.

Defendant's Emergency Motion for Access to Digital Legal Materials at 1, <u>State v. Boudreau</u>, Case No. P2-2015-0095A (R.I. Super. Ct. Dec 10, 2019) (emphasis added).  Similarly, in a filing Plaintiff made in a case in federal court in the District of Connecticut, Plaintiff represented that the Wyatt facility gave him physical possession of "CD's and USB flash drives," which he retained in his possession for "nearly two (2) years," before they were confiscated by the Wyatt on December 3, 2019.  Plaintiff's Emergency Motion for Access to Digital Legal Materials, ECF No. 136 at 1, <u>Boudreau v. Smith</u>, Case No. 3:17-cv-00589-SRU (D. Conn. Dec. 10, 2019).  Relatedly, in the Rhode Island Superior Court, Plaintiff filed a letter he wrote on February 4, 2021, (while detained at the Wyatt) to RIAG about the then-pending embezzlement charge.  Defendant's Letter to Clerk of Providence Super. Ct. at 3, <u>Boudreau</u>, Case No. P2-2015-0095A (R.I. Super. Ct. Feb. 15, 2021).  In the letter, Plaintiff informed RIAG that "documented evidence conclusively shows that the payments I received were authorized, and . . . that the complaining witnesses perjured themselves in their police reports."  <u>Id.</u>  The letter invites the RIAG representative to come to the Wyatt so that Plaintiff can "share with [RIAG] the documented evidence that is exculpatory."  <u>Id.</u> at 5.  That is, as of February 4, 2021, it was Plaintiff himself who, despite being detained at the Wyatt, claimed to be in physical possession of the documents that he alleged are exculpatory bearing on the embezzlement claim.