UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON BOUDREAU,       : | |
|     Plaintiff,   : | |
|         : | |
| v.                    : | C.A. No. 17-301WES |
|         : | |
| KEVIN PETIT, et al.,  : | |
|     Defendants. : | |

**ORDER DENYING MOTION FOR APPLICATION OF COLLATERAL ESTOPPEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is *pro se*[1] Plaintiff Jason Boudreau's motion for application of collateral estoppel. ECF No. 167. Plaintiff argues that, in the postconviction proceeding in Plaintiff's state child pornography case, the Rhode Island Superior Court made the preclusive factual determination that Warwick Police Officer Kevin Petit ("Officer Petit") withheld evidence that was required to be provided to Plaintiff in response to his attorney's request for criminal discovery. See Boudreau v. Rhode Island, C.A. No. PM-2016-5158 (R.I. Super. Ct. Mar. 11, 2021) ("Superior Court Decision"), cert. denied, No. 2021-64-M.P. (R.I. May 19, 2022).

"It is black letter law that collateral estoppel can apply to preclude the relitigation in federal court of issues previously determined in state court. In ascertaining whether issue preclusion flows as a consequence of previous state court litigation, a federal court must look to state law." Nottingham Partners v. Trans-Lux Corp., 925 F.2d 29, 32 (1st Cir. 1991) (citation omitted). In order for collateral estoppel to apply under Rhode Island law there must be: (1) an

---

[1] The Court has afforded Plaintiff such leniency as is appropriate in his circumstances as noted in other decisions issued in this case. E.g., Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4279522, at *1 n.1 (D.R.I. Sept. 24, 2024).

identity of issues, (2) the previous proceeding must have resulted in a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted must be the same or in privity with the party in the previous proceeding. State v. Pacheco, 161 A.3d 1166, 1172 (R.I. 2017). The Rhode Island Supreme Court has subdivided the first element into three factors: "(1) the issue sought to be precluded must be identical to the issue determined in the earlier proceeding, (2) the issue must actually have been litigated in the prior proceeding, and (3) the issue must necessarily have been decided." E.W. Audet & Sons, Inc. v. Fireman's Fund Ins. Co. of Newark, New Jersey, 635 A.2d 1181, 1186 (R.I. 1994). "The doctrine of collateral estoppel provides that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Pacheco, 161 A.3d at 1172 (internal quotation marks omitted). Rhode Island courts do not apply the doctrine mechanically if it "would lead to inequitable results." Id. (internal quotation marks omitted). For example, the Rhode Island Supreme Court has declined to apply collateral estoppel when it "hinges on the fact that an issue was 'actually litigated' when the evidentiary threshold was not established and the [court] made only a general finding on the issue." Id. at 1176.

Plaintiff's argument founders because the proposition that he seeks to preclude Officer Petit from relitigating was not "determined," "actually . . . litigated" or "necessarily . . . decided" by the Superior Court. E.W. Audet & Sons, Inc, 635 A.2d at 1186. Rather than focusing on misconduct by Officer Petit, the Superior Court's adverse finding is actually aimed at the conduct of "the State[]," which turned over some of the inculpatory screenshots, but not a complete set and not the flash drive "initially provided to the police," conduct that the Superior Court noted it "does not condone." Boudreau, C.A. No. PM-2016-5158, slip op. at 23

(emphasis added).  There is no adverse finding regarding Officer Petit.  Plaintiff's motion inaccurately represents that the Superior Court Decision contains the finding that Steven Lussier's testimony was inconsistent with that of Officer Petit regarding the allegedly withheld flash drive and that Lussier was found to be the more credible of the two: "the hearing justice fully credited . . . that . . . Kevin Petit . . . failed to disclose [the USB flash drive's] existence during discovery of Plaintiff's 2011 criminal case."  ECF No. 167 at 2.  The Superior Court Decision contains no such finding.  It actually holds that there were no factual disputes to be resolved through a credibility assessment: "[d]espite universal agreement by all parties as to the relevant facts, Mr. Boudreau insisted that the posttrial case continue along until each of the witnesses testified before [the] Court."  Boudreau, C.A. No. PM-2016-5158, slip op. at 3 & n.3.  Most importantly, the Superior Court's holding is that no person or entity committed any Brady or other intentional violation of Plaintiff's rights because the material that was omitted from the set that was provided to Plaintiff's criminal attorney was merely cumulative and "would not have been exculpatory but would have only further confirmed Mr. Boudreau's guilt [of possession of child pornography]."  Id. at 23.

Plaintiff counters that the evidence in the postconviction proceeding established that Steven Lussier provided the USB flash drive to Officer Petit; therefore, Plaintiff contends, in criticizing the "State[]" and the "police"[2] for the failure to produce the flash drive to Plaintiff's criminal attorney, "it is axiomatic" that the Superior Court necessarily found that Officer Petit was at fault.  ECF No. 195 at 2.  Having carefully reviewed the Superior Court Decision, the

---

[2] Confirming that the Superior Court Decision's use of the phrase "the police" is not a reference to a single officer – that is, to Officer Petit – is the Decision's use of the plural pronoun "they" to complete the sentence referencing "police" with the phrase, "they failed to provide to Mr. Boudreau."  Boudreau, C.A. No. PM-2016-5158, slip op. at 19.

3

Court rejects this logic; there is no determination, finding, suggestion or implication that whatever Steve Lussier gave to Officer Petit was withheld <u>by Officer Petit</u> from the prosecution or later withheld <u>by Officer Petit</u> from the State's discovery. Nor is Plaintiff helped by his citation of <u>Moldowan v. City of Warren</u>, 578 F.3d 351, 381 (6th Cir. 2009). <u>Moldowan</u> holds that "a police officer sometimes <u>may</u> be liable if he fails to apprise the prosecutor or a judicial officer of known exculpatory information." <u>Id.</u> (internal quotation marks omitted) (emphasis added). But the Superior Court did not make such a finding regarding Officer Petit.[3]

Based on the foregoing analysis, the Court finds that collateral estoppel should not be applied in this case to estop Officer Petit from relitigating whether he withheld evidence that was required to be provided to Plaintiff in response to his attorney's request for criminal discovery in Plaintiff's child pornography prosecution. Therefore, Plaintiff's motion for application of collateral estoppel (ECF No. 167) is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 21, 2024

---

[3] Because the Superior Court did not make the determination addressed by Plaintiff's motion, there is no need for the Court to analyze the complicated factual/legal question whether Officer Petit, who had been employed by a municipality and a member of a State Police Task Force, but no longer served in either role at the time of the postconviction proceeding, should be held to be the *alter ego* of the "State" for purposes of collateral estoppel.