UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU,  :
        Plaintiff,  :
          :
    v.  :        C.A. No. 17-301WES
          :
KEVIN PETIT, et al.,  :
        Defendants.  :

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PRODUCTION OF PRINTED COPIES**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are *pro se*[1] Plaintiff Jason Boudreau's motion to compel Defendants to produce "printed copies of responsive documents" and Plaintiff's "emergency notice of mail interference." ECF Nos. 180 at 1; 203 at 1 (capitals omitted). These filings present the Court with a seemingly intractable problem. Because of his incarceration in the custody of the Federal Bureau of Prisons (FBOP) at the Federal Correctional Institution in Danbury Connecticut, Plaintiff is limited in his ability to receive, access and print documents produced in civil discovery. Plaintiff contends that "[d]ue to security issues," FBOP does not "allow [him] to print any documents from the [USB] flash drive" on which Defendants produced 6,556 pages of discovery. ECF Nos. 180; 194 at 1; 204 at 1. Plaintiff anticipates that this will prejudice him in the future to the extent that he is unable to attach a document from the USB drive to a filing.[2] ECF No. 204 at 1. With the assistance of FBOP staff, Plaintiff identified 527

---

[1] The Court has afforded Plaintiff such leniency as is appropriate in his circumstances as noted in other decisions issued in this case. E.g., Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4279522, at *1 n.1 (D.R.I. Sept. 24, 2024).

[2] Plaintiff is able to access the USB flash drive and to review the documents produced by Defendants in discovery. ECF Nos. 180; 204. Further, based on recent filings in this case, it is clear that Plaintiff has had no difficulty in researching and preparing typed filings, including attaching documents to his filings. E.g., ECF Nos. 168-1; 190-1;

pages that he "requires to use as exhibits for motions, depositions, and opposing any summary judgment." ECF No. 204 at 2; <u>see</u> also ECF Nos. 180 at 1; 194. His motion asks the Court to order Defendants to locate these documents, convert them to paper and mail them to the prison.

Apart from whether it is appropriate for the Court to impose such a burden on Defendants, it is far from clear that Plaintiff's proposed solution would be efficacious. The Court notes that prisons recently have struggled to control the potentially deadly flow of dangerous controlled substances that are brought into prisons by using paper. <u>See</u> <u>Todd v. LeMaster</u>, Civil Action No. 24-77-DLB, 2024 WL 4700611, at *2 (E.D. Ky. Nov. 6, 2024 (noting that "drug-soaked paper . . . is a prevalent method of sneaking drugs into a prison"); <u>see also</u> Shelly Murphy, et al., <u>Inside prisons, a stealthy drug is running rampant</u>, Boston Globe, November 24, 2024, at A1 (noting that K2, a synthetic cannabinoid, is sprayed onto documents and mailed or smuggled into prisons). Therefore, Plaintiff's requested solution – the mailing of large amounts of paper to a prison to be stored until Plaintiff is ready to use it – appears to be fraught with risk. Confirming that this concern is well founded, Plaintiff's emergency notice advises the Court of a new prison policy wherein the "Bureau of Prisons will reject ALL mail that does not arrive in a white envelope." ECF No. 203 at 1. Similarly, Plaintiff's recently filed motion to extend time advises the Court that a mailing of paper to him at the prison must be allocated into separate packages in plain white envelopes with the number of pages per package limited to "around 100." ECF No. 200-1 at 2. Relatedly, the Court has no information regarding whether the prison's procedures will impact Plaintiff's ability to store hundreds of pages of paper until he is ready to use them, were the Court to order that they must be mailed to him.

---

190-2; 190-3. The only limitation is his claimed inability to print from the USB flash drive, which he asserts is the only way for him to attach the documents on the USB flash drive to court filings when he needs to do so. ECF No. 204 at 1.

Plaintiff's motion does not inform the Court whether he used the prison's grievance system or other administrative procedure to seek to address how to attach documents from a USB flash drive to a court filing. See Carbajal v. Warner, Civil Action No. 10-cv-02862-CMA-KLM, 2015 WL 7450269, at *4 (D. Colo. Nov. 24, 2015) (motion seeking to require prison official to facilitate prisoner's access to paper for his civil cases fails because motion does not indicate what administrative measures prisoner has taken to achieve the relief sought by the request). Nor does the motion describe any other efforts Plaintiff has made to solve this problem. See, e.g., Ford v. Zanders, Civil Action No. 5:18-cv-00412-TES-CHW, 2020 WL 4596769, at *1-5 & n.4 (M.D. Ga. Aug. 11, 2020) (prison banned flash drives as a result of security concerns but failed to address alternative means for plaintiff to access information "like . . . sending the flash drive to a family member [or a friend] to print and send back in paper form"). Nor does Plaintiff's motion inform the Court why, from a technology perspective, it is essential to convert a document to paper in order to attach it to a court filing. Rather, Plaintiff's motion asks the Court to transfer to Defendants the burden of his incarceration by producing discovery a second time in paper form; Plaintiff has not offered to pay for the cost of producing and mailing the documents nor has he provided any up-to-date information regarding his financial circumstances to establish that he is unable to pay. The motion also fails to explain why it is appropriate to issue such an order when Fed. R. Civ. P. 34(b)(2)(E)(iii) specifically provides that a party need not produce electronically stored information in more than one form.[3]

---

[3] Plaintiff also asks the Court to order a prison official from the Connecticut prison facility to appear and testify in the District of Rhode Island about Plaintiff's access limitations, ECF No. 204 at 3, although he fails to explain how the Court would have personal jurisdiction over such individual. See Hannon v. Beard, Civil Action No. 06-10700-NMG, 2008 WL 8969314, at *17 (D. Mass. Mar. 27, 2008) (exercise of personal jurisdiction by Massachusetts court over Pennsylvania prison officials is improper). The Court declines to issue such an order.

As a matter of law, this civil case does not trigger Plaintiff's constitutional right of access to the courts, which arises in the prison context when the claim implicates the prisoner's right to attack his conviction and/or challenge conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996) (constitutional right of access extends only to proceedings where prisoners "attack their sentences" or challenge "conditions of their confinement"; impairment of any other "litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration"); Riva v. Brasseur, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016) (right of access to the courts, in context of prisoners, is addressed only to prisoner's right to attack conviction and right to challenge conditions of confinement). Rather, Plaintiff's motion implicates the Court's discretion in handling pretrial discovery matters in light of the proposition that *pro se* prisoners retain the same right to discovery as non-incarcerated litigants. See Washington v. Lambert, No. 3:12-cv-292-RJC, 2014 WL 4667078, at *4 n.2 (W.D.N.C. Sept. 18, 2014). In exercising such discretion, courts acknowledge the difficulty *pro se* incarcerated plaintiffs face litigating from prison, Bourassa v. MassCor Optical Indus., 548 F. Supp. 3d 262, 266 (D. Mass. 2021), affirmed, No. 21-1598 (1st Cir. Dec. 12, 2023), and afford such litigants the standard *pro se* leniency, Letourneau v. Rhode Island Dep't. of Corr., C.A. No. 22-285JJM, 2023 WL 4156827, at *1 n.3 (D.R.I. June 23, 2023). For example, it is not uncommon for a court to issue an order to assist a *pro se* prisoner to obtain discovery sufficient to initiate a case. Santacruz v. Daniels, Case No. 2:23-cv-00258-APG-BNW, 2024 WL 4029364, at *2 (D. Nev. Sept. 3, 2024) (appropriate for court to order civil discovery to facilitate service of process); Carpio v. Luther, No. 06-CV-0857, 2009 WL 605300, at *1-2 (W.D.N.Y. Mar. 9, 2009) (appropriate for court to order discovery of names of Doe defendants). Similarly, if the defendant in a case is an official of the same prison that has limited a prisoner's access to the

electronic discovery produced by that defendant, at least one court ordered production a second time in paper form.  Kemp v. Wellpath, LLC, Civil No. 6:22-CV-06085-SOH-BAB, 2023 WL 1786111, at *1 (W.D. Ark. Feb. 6, 2023) (in case against prison officials, court orders medical documents that had been produced on USB flash drive to be produced again in paper form because prison classified USB flash drive as contraband).

In stark contrast to Kemp, this is not a case where Defendants – a Rhode Island municipality and an individual who is a retired police officer – have any control over or direct knowledge of the policies and procedures of the federal prison in Connecticut where Plaintiff is incarcerated.[4]  Plaintiff's difficulty in accessing civil discovery is caused by his current incarceration in a federal prison for crimes committed in 2015 involving child pornography; these are utterly unrelated to anything in issue in this case.  That is, despite Plaintiff's arguments that seek to blame Defendants for his circumstances, the limits on his ability to access discovery have nothing to do with any alleged conduct or omission of Defendants.  With no explanation why it is appropriate to do so, Plaintiff effectively seeks to shift to a public entity the cost of dealing with the limits caused by his incarceration.  Finally, as noted *supra*, the Court is extremely concerned, based on Plaintiff's notice and related filings, that a mass mailing of hundreds of pages of paper would not just burden a public entity but also would be a futile

---

[4] In their opposition to Plaintiff's motion, Defendants appropriately attached a document that they appear to have located online that describes an FBOP system called TRULINCS, which affords inmates access to certain material. ECF Nos. 194; 194-5.  Defendants relied on this document to appropriately note that "it appears" that Plaintiff may have options to resolve his concern about printing documents other than inflicting such a significant burden on them. ECF No. 194 at 3.  On reply, Plaintiff, equally appropriately, explained the limitations of the TRULINCS system. ECF No. 204.  However, Plaintiff also stridently accused Defendants of "blatantly l[ying]" to the Court and asserted that their representations are a Fed. R. Civ. P. 11 violation.  ECF No. 204 at 2-3.  Mindful that neither Defendants nor the Court has knowledge of Plaintiff's true conditions of confinement, the Court utterly rejects this proposition and cautions Plaintiff that, if he proceeds with such a frivolous Fed. R. Civ. P. 11 motion, he could be sanctioned for harassment.

5

exercise in light of the evolving limits on paper entering prison facilities and on substantial amounts of paper being stored by prisoners in their cells.

Based on the foregoing, the Court orders that Plaintiff's motion to compel production of printed copies (ECF No. 180) is granted in part and denied in part as follows:

1. To avoid prejudice to Plaintiff until a better solution is found, the Court hereby orders that, in any instance where Plaintiff is making a court filing to which he needs to attach documents on the USB drive produced by Defendants but is unable to do so because of the prison's limitations on his ability to print from the USB drive, Plaintiff shall clearly list in his filing the documents by the Bates ranges that are reflected on the USB drive; within two business days of being served with such a filing, Defendants shall file the documents designated by Plaintiff as attachments; in any instance where Plaintiff needs a document from the USB drive for use during a deposition, Plaintiff shall advise Defendants in writing of the documents by the Bates ranges that are reflected on the USB drive and Defendants shall print or email the documents in accordance with Plaintiff's instructions (for example to the witness) within two business days of receipt of the request;

2. To the extent that this solution does not adequately address Plaintiff's claim of prejudice, Plaintiff is ordered to investigate further (for example by use of the facility's grievance procedure or other administrative procedure) (a) how prison officials at the facility where he is incarcerated are accommodating prisoners who receive legal materials from attorneys in electronic form and wish to file such materials in a court and (b) what prison officials suggest is the most effective way for an attorney to send a large quantity of documents to be stored by a prisoner for future

use in court filings; Plaintiff is further ordered to advise the Court of the prison's response (preferably by filing a copy of the written response); and

3. To the extent that this investigation (outlined in #2 above) does not yield a solution, Plaintiff is further ordered to advise the Court of his personal circumstances, including his ability to obtain assistance from family and friends as well as his ability to pay Defendants for the reasonable costs of the burden he seeks to impose on them (at a minimum, by filing a certified copy of his current inmate trust fund account statement or institutional equivalent); such an advisory may be filed under seal.

Regarding Plaintiff's emergency notice of mail interference, (ECF No. 203), the Court is taking no action apart from the foregoing.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
November 26, 2024