UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON BOUDREAU,           : | |
|     Plaintiff,    : | |
| : | |
| v.                       : | C.A. No. 17-301WES |
| : | |
| KEVIN PETIT, et al.,     : | |
|     Defendants.  : | |

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS AGAINST DEFENDANT CITY OF WARWICK**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is *pro se*[1] Plaintiff Jason Boudreau's motion to compel production of documents by the City of Warwick ("Warwick"). ECF No. 177. Despite his conclusory and factually deficient claims, Plaintiff seeks to compel production, or further production, as to thirty-five requests, some of which are so overbroad as to be incomprehensible and many of which appear to have been propounded for the purpose of imposing burden and harassment; as to others, however, the Court finds either that Warwick has not objected or that some additional discovery may be appropriate. The Court's analysis and rulings follow.

**I.      Relevance and Proportionality Based on Claims in Issue**

Because discovery in civil litigation must be based on relevancy to the claims and defenses in issue, as well as on proportionality in light of the claims and defenses, as the Court has previously held, Plaintiff's motion to compel must be analyzed in light of Plaintiff's claims against Warwick and Warwick's defenses to those claims. Boudreau v. Petit, C.A. No. 17-

---

[1] The Court has afforded Plaintiff such leniency as is appropriate in his circumstances as noted in other decisions issued in this case. E.g., Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4279522, at *1 n.1 (D.R.I. Sept. 24, 2024).

301WES, 2024 WL 4771355, at *1-2 (D.R.I. Nov. 13, 2024). In general, the First Amended Complaint (ECF No. 79) alleges that Warwick Officer Kevin Petit retaliated against Plaintiff for suing Officer Petit in a civil lawsuit (ultimately found to be without merit)[2] that was filed and served in 2013 (Boudreau v. Lussier, 13-cv-388WES, the "2013 lawsuit") by fabricating and concealing evidence to falsify probable cause resulting in Plaintiff's now-dismissed June 11, 2014, state prosecution for embezzlement from Plaintiff's former employer, Automatic Temperature Controls, Inc. ("ATC"). The specific claims against Warwick are set forth in Counts 3, 6, 8, and 9:

- Count 3, based on 42 U.S.C. § 1983, accuses Warwick and its co-Defendant Officer Petit of denying Plaintiff his right to a fair trial in connection with the charge of embezzlement despite that charge having been dropped without a trial;

- Count 6 alleges that Warwick is liable for damage to Plaintiff's reputation based on state law defamation and libel in reliance on the allegation that Officer Petit passed on to the State false statements by a principal of ATC made on July 30, 2013, ultimately leading to the public report of the embezzlement charge against Plaintiff by the Providence Journal on June 11, 2014;

- Count 8 rests on the vague allegation that, prior to July 30, 2013, Warwick knew that Officer Petit was "prone to violate the civil rights of citizens," yet negligently employed him, and that, between July 30, 2013, and May 1, 2017, negligently failed to investigate Plaintiff's "complaint" against Officer Petit and failed to discipline him for the conduct alleged by Plaintiff, resulting in the State wrongly prosecuting Plaintiff for embezzlement; and

- Count 9 is a Monell[3] claim based on 42 U.S.C. § 1983, which alleges that, prior to June 11, 2014, Warwick failed to investigate Plaintiff's "formal complaint" against Officer Petit and had a policy, custom and/or practice of failing to train and supervise Officer Petit, both of which are somehow

---

[2] Boudreau v. Lussier, 901 F.3d 65, 69 (1st Cir. 2018) ("summary judgment in favor of the defendants on all of Boudreau's claims . . . affirmed.").

[3] See Mazza v. City of Boston, Civil Action No. 24-10333-NMG, 2024 WL 4505328, at *3-4 (D. Mass. Oct. 15, 2024) (citing and explicating Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658 (1978)).

causally linked to Officer Petit's retaliatory misconduct[4] resulting in the State's prosecution of Plaintiff for embezzlement.

See generally ECF No. 79 at *1-2.  In its Answer, Warwick has largely denied Plaintiff's allegations and affirmatively pleads common law immunity (including the public duty doctrine) under state law, absolute and qualified immunity under federal law and Rhode Island's statutory cap on state law tort claims against cities and towns.  ECF No. 83.

For discovery purposes, Count 9 renders relevant Warwick's training and supervision of Officer Petit during the period ending on June 11, 2014.  See Doe v. City of Northampton, 738 F. Supp. 3d 93, 99-101 (D. Mass. 2024).  However, such discovery must be narrowly tailored to focus on the specific conduct alleged to have resulted in the constitutional deprivation that harmed the claimant.  See, e.g., Abdisamad v. City of Lewiston, 960 F.3d 56, 60-61 (1st Cir. 2020) (claim against municipality must rest on evidence that individual defendant's actions "were consistent with [municipal] policy or custom"); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 32 n.24 (1st Cir. 2005) (appropriate to deny as irrelevant discovery seeking all records regarding police misidentification and off-duty police conduct in case alleging plaintiff was shot by off-duty officer based on race).  Further, Monell discovery may appropriately be limited by relevancy and proportionality to information learned based on reasonable inquiry of senior officers and review of available records regarding investigations

---

[4] As to the "misconduct" for which Plaintiff seeks to hold Warwick responsible, Count 9 rests on the conclusory allegation that Officer Petit retaliated against Plaintiff for suing him in the 2013 lawsuit through the fabrication of probable cause and concealment of evidence resulting in the State prosecution for embezzlement initiated on June 11, 2014.  ECF No. 79 ¶¶ 172-86.  As far as the Court is aware, the only factual claim against Officer Petit is that, having been actively involved with ATC (a collateral victim of Plaintiff's 2011 possession of child pornography committed using ATC's computer), Officer Petit interviewed, at Rhode Island State Police Headquarters on July 30 and August 1, 2013, two employees of ATC about their contention that Plaintiff embezzled from ATC.  Plaintiff alleges that, in performing these interviews, Officer Petit was acting outside the scope of his employment as a Warwick police officer because ATC is a Cranston entity and outside the scope of his assignment to a state-wide task force addressing on-line crimes against children because the crime in issue was embezzlement.  See id. ¶¶ 100-01.

pertinent to the specific claim.  Costa v. Rasch, C.A. No. 11-336L, 2013 WL 12333469, at *4-6 (D.R.I. Apr. 25, 2013) (discovery limited to use of excessive force to deter onlookers from criticizing police conduct and training on how to deal with persons criticizing police conduct).  Monell discovery should be time-limited to a reasonable period preceding the incident in issue.  See, e.g., McEvoy v. Hillsborough Cnty., Civ. No. 09-cv-431-SM, 2011 WL 1813014, at *8-10 (D.N.H. May 5, 2011) (Monell discovery limited to specific instances of treatment for drug detoxification over period of one year prior to incident).  And if Monell discovery requests are "sweeping [in] breadth," with only a possibility that they might encompass relevant material, the court's simple denial of a motion to compel is justified.  Young, 404 F.3d at 32 n.24.

## II.     Mode of Production

Plaintiff's motion to compel raises again the problems caused by Plaintiff's conditions of incarceration for his federal crime of possession of child pornography (based on 2015 conduct unrelated to the state child pornography charge with which Officer Petit was involved).  The Court has already struggled to formulate a workable solution without unduly prejudicing Warwick to address Plaintiff's claim that he cannot print particular documents to attach them to court filings, although Plaintiff has consistently had the ability to access, view and use in his filings documents in Warwick's production.  See Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4906265, at *3 (D.R.I. Nov. 26, 2024).  Plaintiff's objection to the Court's approach is supported by inconsistent information (from what he had previously disclosed) about his ability to receive and store substantial amounts of paper in the Federal Bureau of Prisons facility where he is confined.[5]  ECF No. 213.  He has also failed to provide any financial information to support

---

[5] In Plaintiff's prior filings, including his "notice" of mail interference, ECF No. 203, he alleged that paper filings and production were posing serious issues, that each mailing must be placed in a specific type of envelope, with separate envelopes and mailing expenses for each tranche of paper approaching or exceeding one hundred pages.  Boudreau, 2024 WL 4906265, at *1.  In his objection, Plaintiff changed course and now advises that, because the

his claim that Warwick should entirely shoulder the expense of locating, copying and producing certain documents a second time in paper format because he is indigent. Nor has Plaintiff presented any evidence of actual prejudice caused by the Court's November 26, 2024, Order. Further, since the Court issued its November 26, 2024, Order, it has become aware that all prisons/detention facilities in the District of Rhode Island have recently imposed even more draconian limits on paper coming into facilities, even when brought in and/or mailed by lawyers. Accordingly, the Court declines to amend its Order of November 26, 2024.

**III.   Analysis**

Request 4: Warwick has not objected to the motion to compel documents responsive to Request 4, which seeks documents that support Warwick's affirmative defenses. Within thirty days of this decision, Warwick is ordered to produce any factual documents that it has not already provided that are in its custody and control; mindful of the vague and conclusory allegations against Warwick,[6] this Order is limited to documents of which Warwick is presently aware that are supportive of its affirmative defenses.

Requests 5-6: Based on Officer Petit's having interviewed two persons employed by ATC at Rhode Island State Police headquarters about "embezzlement" on July 30 and August 1, 2013, Plaintiff seeks documents related to the "investigation" of embezzlement by Officer Petit. Warwick does not dispute that Officer Petit performed these interviews, but disputes that his conduct in performing these interviews constitutes an "investigation." Apart from these interviews, and consistent with Plaintiff's allegation that Officer Petit was acting outside the

---

mailings relate to a civil lawsuit, he is able to receive and store up to 5000 pages of documents without any limit. ECF No. 213 at 3-4.

[6] To the extent that Plaintiff subsequently clarifies his factual allegations, Warwick will then have an obligation to supplement its responsive production. The Order issued today relates only to such documents of which Warwick is presently aware that are factually supportive of its affirmative defenses.

scope of any authority he had as a Warwick police officer, Warwick has substantively responded by stating that it does not have any documents in its possession, custody or control related to an "investigation." This response is sufficient. Plaintiff's collateral estoppel argument is rejected because, among other reasons, the memorandum of law on which it is based does not state that Officer Petit conducted an "investigation."[7] The motion to compel Requests 5-6 is denied.

Requests 10, 17, 28: Plaintiff is seeking all documents related to both Warwick's and Officer Petit's retention of and legal representation by legal counsel in connection with the underlying 2013 lawsuit and this case, as well as all documents related to Warwick's communications regarding settlement negotiations with its attorneys in any case with an allegation of police misconduct. These hopelessly overbroad, burdensome and intrusive requests not only seek to invade the attorney-client relationship of both Defendants and to sweep away the protection of the work product doctrine, but also seek documents that have no apparent relevancy to the issues in this case. The Court notes Plaintiff's persistence in seeking settlement documents appears to be intended to harass and inflict burden in that the Court has already addressed the inappropriateness of such discovery in this case. See Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 3861382, at *1 (D.R.I. Aug. 19, 2024) ("settlement position" does not "constitute a fact that is relevant to the claims or defenses").

Plaintiff's contention in support of these requests – that they seek relevant information because the documents may reveal when Officer Petit became aware that he had been sued in the

---

[7] The memorandum that forms the basis for Plaintiff's collateral estoppel argument (ECF No. 59-1) states only that any "actions" of Warwick and Officer Petit with respect to embezzlement were taken in reliance on ATC's statements, which were sufficient to establish probable cause. ECF No. 59-1 at 5. The memorandum does not represent that Officer Petit performed an investigation.

2013 lawsuit[8] – simply does not justify such disproportional and inappropriate discovery. Further, Plaintiff does not even try to explain how Request 17's focus on Warwick's attorney-client communications regarding settlement in any police misconduct case ever brought at any time is conceivably relevant, proportional or an appropriate subject for discovery. Plaintiff's motion to compel production sought by Requests 10, 17 and 28 is denied and Warwick's assertion of the attorney-client privilege/work product doctrine is sustained. No privilege log is ordered because the documents sought are not relevant.

Requests 11, 16, 32:[9] These requests seek copies of Warwick City Council minutes related to the 2013 lawsuit, to the current lawsuit and to any complaint of any sort against any Warwick Police officer or employee regarding any "misconduct" at any time over the twenty-two-year period from 2003 to the present. As to the 2013 lawsuit, Warwick has complied by indicating that no responsive documents have been located; as to this case, Warwick has responded that it will supplement its response. Finding that any discussion of this lawsuit (Request 16) in City Council minutes is potentially relevant, Warwick is ordered to respond by indicating whether there are any responsive documents that are relevant to the claims and defenses in this case and to produce any such documents (or produce a log listing them if any privilege is asserted) within thirty days of this decision. As to hopelessly overbroad and disproportional Request 32, the Court finds that it was propounded to harass and the motion to compel production is denied.

---

[8] This justification for discovery also fails because the operative fact – that Officer Petit became aware of the 2013 lawsuit in July 2013, before he conducted the embezzlement interviews – is admitted in his Answer. ECF No. 83 ¶ 10 (admitting ECF No. 79 ¶ 58).

[9] Tucked into his argument about Request 11, Plaintiff also mentions Request 13, which seeks any policy addressing the duty of a Warwick employee to advise the City that he/she has been sued. Because Plaintiff presents no argument why the Court should compel production responsive to Request 13, to the extent that Plaintiff seeks to compel production of documents responsive to Request 13, the motion is denied.

Request 12: Plaintiff seeks documents regarding when Officer Petit advised Warwick that he was being sued in 2013. Warwick has responded that it has no documents. This is sufficient. The motion to compel is denied.

Requests 2, 14, 15: These requests seek the complete copy of Warwick's insurance agreement and all documents that Warwick provided to any third party including any insurance companies relating to this lawsuit. Warwick has not objected to producing the insurance agreement and it is therefore ordered to comply with Request 2 by doing so with thirty days of this Order; to the extent that this Order covers material that is not relevant to this case, such material may be redacted. As to the overbroad request for every document Warwick (including its attorney) has ever provided to its insurer regarding this lawsuit, Plaintiff has failed to specify what he is seeking and why such material is relevant; instead, he demands that Warwick undertake the burdensome creation of a privilege log listing every item based on its assertion of the attorney-client privilege and the work product doctrine. Noting that this is not a circumstance where Warwick seeks to shield from fact discovery responsive relevant non-privileged documents in reliance on the document having been provided to an insurer, Plaintiff's motion to compel documents responsive to Requests 14 and 15 is denied because they are overbroad, burdensome, harassing and disproportionate. Warwick is not ordered to create a privilege log.

Requests 18, 29: Plaintiff seeks to compel Warwick to produce all documents (including privileged communications between Officer Petit and his legal counsel) related to Officer Petit's deposition in the 2013 lawsuit, as well as the production of the deposition transcripts of Officer Petit, and various ATC employees from the 2013 lawsuit. His motion fails to explain why such documents are relevant to this case or why (since he was a party in the 2013 lawsuit) he does not

already have or have the ability to obtain copies of the requested transcripts. With no explanation of relevancy, the assertion of privilege is sustained, no log is ordered to be provided and the motion to compel Request 18 and 29 is denied, except for the deposition transcript of Officer Petit, which Warwick is ordered to produce, if it is already in possession of a copy, within thirty days of this decision.

Requests 24-25: Consistent with his failure to specify what precisely is the alleged misconduct he relies on in his claims against Warwick beyond the conclusory allegation of retaliatory fabrication of probable cause and concealment of evidence by Officer Petit in connection with the embezzlement charge, Plaintiff asks for production of every document constituting civil "misconduct" complaints against Warwick (not just police officers) and Warwick's policies for dealing with them during the almost fourteen-year period since June 2011. Warwick has appropriately responded that, other than from Plaintiff, it has no civil complaints of retaliatory conduct by fabricating probable cause committed by police officers. This response is sufficient.[10] The Court need not struggle further with these hopelessly overbroad and harassing requests; the motion to compel is denied.

---

[10] Plaintiff challenges the accuracy of Warwick's response by reference to three civil cases filed in this Court: Shackelford v. Warwick, Chisholm v. Warwick and Heon v. Rhode Island. Having considered all three, the Court finds that none supports Plaintiff's contention that Warwick is covering up responsive documents. First, in Shackelford v. Major, an individual claimed that a Warwick police officer (not Officer Petit) relied on a vacated warrant (due to an error by the State, not the Warwick officer) to sue for false imprisonment, selective enforcement/prosecution and malicious prosecution. C.A. No. 14-316M, 2015 U.S. Dist. LEXIS 144520, at *13 (D.R.I. October 21, 2015). This Court found these claims lacking in merit and entered summary judgment in favor of Warwick and its police officer. Id. at *11-17. Shackelford is is not relevant to Plaintiff's allegation that Officer Petit intentionally concealed evidence and fabricated probable cause to induce the State Police to initiate the embezzlement prosecution. Chisholm is even more remote – it involves the claim of a Warwick teacher that she had been transferred in 2019 (well after any conceivable Monell period that might be applicable in this case) for raising concerns about her classroom. Chisholm v. City of Warwick, C.A. No. 19-00206-WES, 2022 WL 252075, at *1-2 (D.R.I. Jan. 26, 2022), adopted by text order (D.R.I. Apr. 6, 2022). Plaintiff's invocation of Chisholm illustrates the degree to which he is seeking Monell discovery that is utterly irrelevant to the claims and defenses in this case. Third, Plaintiff cites Heon v. Rhode Island, in which an individual claimed false imprisonment against Warwick and various Warwick police officers based on a 1991 prosecution. C.A. No. 17-109-JJM-PAS, 2017 WL 5634862, at *1 (D.R.I. Nov. 21, 2017). However, Plaintiff fails to add that these claims were dismissed in 2017/2018 as lacking any merit because the claimant had failed to supply more than conclusory allegations with no factual specificity. See C.A. No. 17-109-JJM, Text Orders of July 10, 2017 & Jan. 22, 2018. Documents related to Heon are simply not

Request 30: Plaintiff asks the Court to order Warwick to provide him with the Bates ranges of the produced documents that are potentially responsive to this request. Mindful that Plaintiff can only access these documents by viewing them at a designated computer, the Court hereby grants this request and orders Warwick to supply the Bates ranges within thirty days of this decision.

Requests 31, 34, 39-41, 46, 49, 50, 52, 53, 58: Requests 31, 41, 49, 50, 52 and 58 pertain to Plaintiff's Monell claims. For the most part, they are hopelessly overbroad in that they disproportionately seek production of all documents related to any claim, including those that may be reflected in a lawsuit and/or in a personnel file, of any police "misconduct" and/or of any allegation or claim of "retaliation, fabrication of evidence, probable cause, fabrication of probable cause, concealment of evidence, false statements, malicious prosecution, and/or defamation" made against any Warwick police officer by any person or entity at any time since 2003, as well as any statistical or comparative study of any police misconduct at any time for any reason. Requests 34,[11] 39, 40, 46[12] and 53 seek more focused Monell discovery in that they target policies, complaints, internal affairs investigations and performance reviews related to Officer Petit only, albeit for the overbroad and disproportionate period from 2003 to the present.

---

relevant to the claims and defenses in this case. The Court notes that, in his sanctions motion (ECF No. 178), Plaintiff relies on yet another case, Wheeler v. Nelson. This Court has already held that Wheeler also does not support Plaintiff's claim that Warwick has "lied" about not having received complaints sufficient to establish a Monell pattern. See Boudreau, 2024 WL 4771355, at *3 n.4.

[11] The motion to compel Request 34 is also denied because it is duplicated by Request 53, in response to which Warwick provided responsive documents and as to which Plaintiff has not brought a motion to compel.

[12] Request 46 is confusing in that it seeks policies concerning any internal discipline to which Officer Petit "has been subjected." Because Plaintiff's motion asks only for the Bates ranges for already produced policies, the Court hereby grants this request, interpreted as seeking Bates ranges for Warwick's police discipline policies in effect for the year prior to and at the time of Office Petit's alleged misconduct (between July 30, 2013, and June 11, 2014). Warwick is ordered to supply the Bates ranges within thirty days of this decision.

As to these, Warwick represents that Officer Petit's internal investigation records have been produced.

This Court has previously ruled that Plaintiff's Monell discovery in this case is limited to relevant material related to complaints of police misconduct of which Warwick was aware that were found to have merit and are based on intentional falsification of documents and/or fabrication of probable cause to initiate wrongful criminal proceedings and making false warrant applications against Warwick police officers (including Officer Petit) during the period from July 1, 2012, though June 11, 2014, as well as that, to the extent that documents themselves are no longer available in accordance with Warwick's retention policy,[13] Warwick's response should be informed by making reasonable inquiry of appropriate senior officials and performing a reasonable examination of such records as are now available. Boudreau, 2024 WL 4771355, at *4. Further, to the extent that an incident responsive to this ruling exists of which Warwick was aware, but Warwick believes that such an incident is not relevant or that the requested documents that pertain to it are privileged, Warwick may make a specific and clear objection explaining its reasoning and/or produce a log that complies with Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34. See id.[14]

---

[13] The Court rejects Plaintiff's argument that, no later than 2014, Warwick was put on notice by a summary judgment filing in another case that it would be sued in this case, giving rise to a sweeping duty to suspend its retention programs and preserve all of the Monell discovery covered by these requests. The Court has examined the summary judgment documents to which Plaintiff adverts and finds that this argument is troublingly misleading in that Plaintiff's 2014 filing did not target Warwick at all; rather, it is laser focused on ATC. Boudreau v. Lussier, 13-cv-388WES, ECF No. 157-2 at 41. These issues will be addressed further in the Court's ruling on Plaintiff's motion for Rule 37 sanctions.

[14] Plaintiff alleges that Warwick's objection to these requests is based in part on a claim of privilege pursuant to the Rhode Island Law Enforcement Bill of Rights ("LEOBOR"), R.I. Gen. Laws § 42-28.6-1, et seq., although Warwick's brief in opposition does not appear to rely on such a privilege. To be clear, my ruling on these requests has not been based on any such privilege in reliance on this Court's holding that the "prohibition against public statements contained in R.I. Gen. Laws § 42-28.6-2(12) was not intended to and does not absolutely immunize internal police investigations from discovery in civil litigation." Mauti v. Scuncio, C.A. No. 08-054S, 2010 WL 11431466, at *3 (D.R.I. May 25, 2010). Put differently, to the extent that any clearly relevant non-privileged document has been withheld based on LEOBOR, it should be produced.

To the extent that Warwick's production is not yet in compliance with the prior Order, it is ordered to respond and to produce relevant documents (including regarding Officer Petit),[15] consistent with this Order within thirty days of this decision. Otherwise (apart from n.12 *supra*), Plaintiff's motion to compel as to these requests is denied.

Request 47: This request seeks all Warwick police visitor logs reflecting Steve Lussier entering for any purpose at any time between July 1, 2013, and June 30, 2015, a period during which Mr. Lussier was a collateral victim and material witness in the State's ongoing prosecution of Plaintiff for possession of child pornography, which is not relevant to the claims and defenses in this case.[16] Nevertheless, Plaintiff correctly points out that Warwick's response is incomplete (seemingly due to a typographical error). Accordingly, the Court grants in part the motion to compel Request 47, ordering Warwick to complete its response within thirty days of this decision,[17] mindful that it should respond only as to relevant documents – that is, documents that reflect the entry of Steve Lussier for the purpose of addressing the embezzlement case, subject to the proportionality of searching for such documents. Otherwise, the motion to compel Request 47 is denied.

---

[15] Warwick's brief in opposition to the motion to compel represents that Plaintiff already has a "full copy of Defendant Petit's [internal affairs] records." ECF No. 210 at 16. Warwick's brief in opposition to the sanctions motion represents with respect to Officer Petit that all "[internal affairs] records and complaints against" him have already been produced. ECF No. 209 at 4. To the extent that it has not done so, Warwick should supply Plaintiff with a clear response advising which relevant records pertinent to Officer Petit have been provided and producing or identifying and explaining the failure to produce or providing a log as to any responsive ones that have been withheld.

[16] This state child pornography prosecution resolved initially in January 2014 based on Plaintiff's plea of *nolo contendere*. However, this charge remains potentially pending in that this Court's denial of Plaintiff's habeas petition seeking to overturn his 2014 conviction is now pending before the First Circuit Court of Appeals. See Boudreau v. State of Rhode Island, 23-cv-259JJM, ECF No. 25 (D.R.I. Apr. 24, 2024).

[17] Warwick's argument suggests that it believes there are no relevant responsive documents because Officer Petit's action – interviewing two ATC principals – was conducted at Rhode Island State Police headquarters, not at Warwick's police station. In any event, Warwick represents that its retention policy means that any documents covered by this request have long since been destroyed. If this is accurate, Plaintiff is entitled to a response that says so.

Request 48: This request is overbroad in seeking "[a]ll communications between Steve Lussier and Kevin Petit" from 2011 to 2015; the Court finds that this request is overbroad and disproportionate particularly because any communications about Plaintiff's crime of using ATC's computers for child pornography are not relevant. Without regard to relevance, Warwick has responded that it has no such documents. Nothing more is needed. Plaintiff's motion to compel Request 48 is denied.

Requests 55, 57: These overbroad requests seek all of Officer Petit's cell phone records (including those related to personal/medical/religious/family matters) and all of his daily roster and duty logs for the period from June 1, 2011, to June 30, 2015, a period when Officer Petit was working as a Warwick police officer on matters that are utterly irrelevant to the claims and defenses in this case. Despite this overbreadth issue, Warwick adverts to its production in the 2013 lawsuit of all of the dispatch logs relevant to that case. Otherwise, it advises that the logs for the requested period have not been retained, as well as that Officer Petit did not have a Warwick-owned cell phone during the covered period,[18] so Warwick has no responsive phone records. The Court denies Plaintiff's motion to compel as to Requests 55 and 57 because they are overbroad, seek information that is largely irrelevant and are unduly and disproportionately burdensome.

Request 36: Plaintiff seeks documents supportive of Warwick's denial in its Answer to Plaintiff's allegation that Warwick's local police officers were barred from 2003 to 2013 from ever investigating claims of embezzlement that occur solely in Cranston. ECF No. 79 ¶¶ 94-95.

---

[18] Based on its familiarity with Plaintiff's filings in this case, including his disingenuous misinterpretation of a Superior Court ruling, which holds that "the State" failed to turn over additional inculpatory material that confirmed Plaintiff's guilt of possessing child pornography, the Court utterly rejects Plaintiff's hyperbolic assertion that Warwick's failure to produce Officer Petit's personal cell phone records constitutes an "attempt[] to conceal material evidence in this case, and it would not be the first time." ECF No. 177 at 23.

Noting that various state statutes, e.g., R.I. Gen. Laws §§ 42-9-8.2, 42-28-11.1, permit local police to have the power of arrest while working on state-wide investigations, as well as that a "statewide mutual aid pact," State v. Grantley, 149 A.3d 124, 128 n.3 (R.I. 2016),[19] permits local responders to assist in other municipalities, the Court declines to order Warwick to perform further investigation by a burdensome review of every record still in existence from the ten year period from 2003 to 2013 to find the proverbial needle in a haystack – documents that reflect that one of its officers assisted with potential embezzlement in Cranston. In light of such a burden, the Court orders Warwick to respond further within thirty days of this decision, but only to the extent that its senior officials are actively aware of such a situation (a Warwick police officer assisting with an allegation of embezzlement in another community) without performing any search and only by producing (to the extent that any documents exist) one or more documents sufficient to show that its officers are permitted to and/or have assisted with allegations of embezzlement or participated in embezzlement investigations in other communities during the period covered by the request, appropriately redacted to protect matters not relevant to this case. Otherwise, the Court denies Plaintiff's motion to compel a further response to this request because it is disproportional, would be unduly burdensome and is insufficiently linked to the matters relevant to the claims and defenses in this case.

### IV.    Conclusion

Based on the foregoing, Plaintiff's motion to compel Defendant City of Warwick (ECF No. 177) is GRANTED in part and DENIED in part. To the extent that this Order results in the

---

[19] See Emma Kaufman, Territoriality in American Criminal Law, 121 Mich. L. Rev. 353, 356, 383 (2022) (concept of territorialism in law enforcement "is so familiar that it usually goes unstated" but in practice is affected by state law and agreements among municipalities permitting local police and fire officials to assist in neighboring communities).

production of additional documents, Warwick is further order to comply with thirty days of this decision.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 7, 2025